**The People on the relation of DeWitt C. Holbrook v. The Treasurer of Detroit.**

The owner of an undivided interest in lands in the City of Detroit, may redeem such interest from a sale made of the whole land for taxes assessed thereon for city purposes, since the Charter of 1857, by paying a proportionate amount of the whole tax.

*Heard December 9th*, 1859. *Decided January 5th*.

Motion for a mandamus.

The relator being the owner of an undivided interest,

in a lot in the city of Detroit, which had been sold for city taxes assessed thereon for the year 1857, applied to the city treasurer to redeem such undivided interest from the sale, and claimed a right to do so on payment of a proportionate amount of the tax assessed upon the whole lot. The treasurer refused to receive a portion only of the tax, and denied the right to redeem any interest in the land except on payment of the whole tax. The relator thereupon applied for a mandamus.

*D. C. Holbrook*, and *S. T. Douglass*, for relator.

*J. L. Chipman, City Attorney*, contra.

CAMPBELL J.:

The only question in this case is, whether an owner of an undivided interest in a piece of property which has been assessed without division, can redeem his share from a sale for city taxes.

The city charter, providing for the assessment of property, is silent as to its details, but as the same roll is the basis of all taxation, the general statutes apply so far as not modified by the charter. Under these, no doubt can exist concerning the right to assess undivided interests. And the law expressly provides for the redemption of any undivided interest whatever.

I think the charter very clearly recognizes the right of owners of part interests, to pay their share of taxes to the collectors before sale, whether separately assessed or not. Section 14 of the charter (*L.* 1857, *p.* 144–5) makes the tax a lien upon the property assessed, and renders the owners, occupants, and parties in interest, liable on demand to pay it. The statute could not have intended such an absurdity as that a part owner should be bound to pay the whole tax. Such a construction would avoid the statute, as beyond the power of the Legislature. And in the very next clause provision is made, that in

case of default in paying the same "*or any part thereof*" the council may proceed to enforce it by the usual process, which is there set forth. In providing for the sale of "real estate," we must hold that the term applies not to whole lots, but to such interests as are not paid upon, or else we must hold that the city may lawfully receive and demand a portion from each part owner, and yet sell the whole estate for the default of one, although the rest have paid, and without allowing the amount of such payments to be deducted. This would be a monstrous doctrine.

The language of section 15, in relation to redemptions, is the same (so far as it refers to property) with that of section 14. And although section 16 uses language somewhat different, yet there is no such difference as would justify us in assuming a different construction when we look at the reason of the matter, and regard the provisions of section 17. The latter section provides means whereby any person in possession, who has been obliged to pay taxes, may recover them back of the owner. But no provision is made whereby a tenant in common may recover of his co-tenant; and in the absence of such a provision, unless a tenant in common can redeem his own share, he may be compelled either to lose it, or pay more than its entire value to retain it.

An undivided interest is just as much a separate estate as a divided one, and the law so regards it. No tenant in common can restrain his co-tenant from disposing of his interest to absentees or irresponsible persons. And such estates are created more frequently by intestacy than by grant. It should be a very clear provision of law which can be construed to apply to these estates a burden of liability for taxes beyond others. And for my own part I am not prepared to admit that the law can validly make any such distinction. No property can be subjected to more than its share of general taxes, without infringing on

principles of great moment; and I am not willing to apply to any statute a meaning which will render it obnoxious to such consequences, if any other can be reasonably arrived at.

A mandamus must issue as prayed for.

MARTIN, CH. J. concurred.

MANNING J., (dissenting) :

The rights of the relator depend on the city charter, which, it seems to me, in regard to the question before us, can have but one meaning, and is therefore too clear to admit of construction. It provides when any land has been sold for a tax, that "if the owners or occupants of, or parties in interest in the same, shall, within one year after such sale, deposit with the treasurer of the city, for the use of the purchaser, the full amount of the assessment or tax for which such real estate was sold," &c., the term for which such real estate was sold shall cease and be determined, at the time of making such deposit. The tax is an entirety that is not susceptible of division, unless authorized by the charter itself; and in the present case the very idea of a division is excluded by the phraseology of the charter, " *the full amount of the assessment or tax for which such real estate was sold.*"

The tax roll is required to be left a certain length of time with the city treasurer, before it is placed in the hands of the collector, to give an opportunity to the tax-payer to save the expenses of collection by paying the tax to him; but there is not any thing in the charter authorizing the treasurer to receive a part of the tax only, nor is there any thing authorizing the collector to receive a part of the tax, and to release a corresponding part of the land from the lien for the balance.

In regard to state, county and town taxes, the statute provides, in express terms, that the collector may receive a part of the tax on a corresponding part of the land taxed,

and that the tax on a part, or on an undivided interest, may be paid after the tax has been returned, at any time before sale, or after sale and before the time of redemption has expired.

Why this difference between the city taxes of Detroit and other taxes, it is not for us to inquire. Perhaps it may be found in the fact that the fee is sold in one case, while in the other the land is sold for a term of years only.

I think the mandamus should be denied.

CHRISTIANCY J., did not sit, being interested.

*Mandamus issued.*