M c K e e   v .   W i l c o x .

## Catharine McKee v. Henry Wilcox and another.

A homestead may be claimed in land of which a party is in possession under a contract to purchase.

In such a case the vendee, if a married man, can not alienate his interest in the land under the contract without his wife joining with him; and if he refuses or neglects to perform his contract, the wife may perform it for him.

Accordingly where a married man, who was in possession of land not exceeding in quantity and value what is exempt from execution as a homestead, under a contract to purchase the same, surrendered and cancelled his contract of purchase without the assent of his wife, it was held that such surrender was invalid, and that the wife might file a bill in equity in her own name, and have a specific performance of the contract.

The decree in such a case should be that the land be conveyed to the husband, but subject to a lien in favor of the wife for the amount she pays in fulfilling the contract.

It is the duty of one who purchases land in the possession of a third person to inquire of him what claim he makes to the premises. And failing to do this, he takes the land subject to the equities of the person so in possession.

*Heard May 27th. Decided May 30th.*

Appeal in Chancery from St. Clair Circuit.

Complainant filed her bill against Henry Wilcox and Asa D. Dickinson, for the specific performance of a contract made by said Henry Wilcox, to sell and convey to Frederick McKee, complainant's husband, a city lot in Port Huron. The contract was made January 3, 1856, and was for a consideration of $800, of which $200 was to be paid down and |the ballance in three annual payments. The bill alleged that said Frederick and complainant took possession of the land soon after the making of the contract, and occupied the same until November, 1859, when said Frederick surrendered the contract to Wilcox and left the State. Complainant has occupied the lot ever since. While said Frederick occupied the lot, he claimed it as a homestead, its value not exceeding $1000. The surrender of the contract was without the assent of complainant. Wilcox has since conveyed the lot to Dickinson, who took with knowledge of the facts. The bill claims that only about $100 is due on the contract, on paying

which, complainant asks a decree for the conveyance of the lot to her in her own right, or to her husband.

Wilcox answered, alleging a consideration for the surrender of the contract by McKee. Dickinson also answered, claiming to be purchaser in good faith from Wilcox, and stating that "at the time of said conveyance this defendant was wholly ignorant that any one beside the said Wilcox had or pretended to have any claim or interest in said premises, except that he was informed that a woman was occupying the house, and that proceedings ought forthwith to be instituted to put her out of possession, for the reason that she would pay no rent; and notice to quit was served upon her some time in the month of March, 1860."

The Court below dismissed the bill, with costs, and complainant appealed.

*D. C. Holbrook,* for complainant:

Land held under a contract to purchase is subject to descent as real estate: — *Wing v. McDowell, Wal. Ch.* 175; *House v. Dexter,* 9 *Mich.* 246. It is of course subject to dower; then why can it not be claimed as a homestead by the family?

In 13 *Wis.* 478, it is decided that one who occupies lands bought of the State and paid for, but of which no deed has yet been given, can not sell or assign his contract without his wife's assent.

*Conger & Harris* and *W. T. Mitchell,* for defendants:

The interest of a vendee under a contract to purchase is a mere chattel interest not subject to execution before full payment: — *Bogert v. Perry,* 1 *Johns. Ch.* 52; 17 *Johns.* 350. The vendee is a mere tenant at will; and estates at will are not liable to execution: — *Comp. L.* § 2589. We insist, therefore, that his claim was subject to his entire and absolute control, without the consent or

concurrence of the wife; and that by no act of his or hers could it be made an exempt homestead.

If this view is correct, then the statute—*Comp. L.* § 3294—authorizing the wife to bring an action in her own name for certain property sold or encumbered by the husband without her assent, does not apply to this case. Besides, the word *action,* as used in the statute, is only intended to apply to suits at law, and can not be applied to the enforcing the equitable remedies of the husband.

While we concede that exemption statutes are usually construed liberally, we insist that a construction of the homestead exemption law so as to embrace lands held under contract, and to prevent the vendee from controlling the contract, would be such an extension of the meaning of the statute as to violate all rules of reasonable construction.

MANNING J.:

The only question in this case is whether a homestead can be claimed in land of which a party is in possession under a contract to purchase.

The Constitution in giving a homestead as a right does not confine it to any particular estate or interest whatever in the land:—*Art.* 16, § 2—and the statute secures it to a person owning and occupying a house on land not his own:—*Comp. L.* § 4500.

In *Dye v. Mann,* 10 *Mich.* 298, in speaking of the constitutional provision we say, the Constitution, whatever may have been the intention of the pre-existing statute, we have no doubt was intended to secure against creditors a homestead to every family in the State. Not as a personal privilege of the debtor which to be made effectual would have to be claimed by him, placing him in an attitude to have his motive suspected, but as an absolute right necessary to the welfare of the household, of which the debtor should not be deprived, if an unmarried man, without

some act of his relinquishing his right, or, if a married man, without the joint conveyance of himself and wife.

If this view of the Constitution be correct, it is as incumbent on a court of equity as a court of law to give it effect when it can do so consistently with the well recognized principles upon which the court acts.

Equity sometimes to promote the ends of justice considers that as done which the parties have agreed to do. Where a party is in possession of land under a contract to purchase, it treats the vendor as a trustee of the title to the land for the vendee, and the latter as a trustee of the purchase money for the vendor, and following the law gives the same effect to the equitable estate thus erected that the law gives to the legal estate. Hence the vendee's equitable estate on his death, in equity, goes to his heirs or devisees.

By a parity of reasoning, equity will protect it against the alienation of the husband without the wife joining with him, when the land is in the occupation of the husband as a homestead; and the wife of a husband who refuses or neglects to perform his contract, should be permitted to do it for him to save her interest in the homestead; as she may redeem a mortgage to save her right of dower in an equity of redemption. The Court, instead of dismissing the bill, should have directed a reference to ascertain the amount due on the contract, and decreed, on the payment thereof by complainant, a conveyance of the land to the husband subject to a lien, to be stated in the deed, to complainant, to the amount so paid by her.

Dickinson is not a bona fide purchaser without notice of the legal estate from Wilcox. He admits in his answer that, when he purchased, he was informed that a woman was occupying the house, and that proceedings ought to be instituted to put her out of possession. This woman was complainant; and it was his duty to have inquired of

11 MICH.—X.

her what claim she made to the premises: not having done so he took them subject to her equity.

Decree reversed, with costs, and cause remitted to the Court below for further proceedings.

The other Justices concurred.