## Edward Orr v. Jacob F. Shraft and Mary Alvira Shraft.

*Homestead: Title in the wife.* Premises having the legal qualities of a homestead, and occupied as such by husband and wife, in which the husband has only an equitable interest, will be protected as a homestead, notwithstanding the legal title to the property is vested in the wife, and a portion of it is occupied for business purposes.

*Heard January 9. Decided January 12.*

Appeal in Chancery from Clinton Circuit.

ORR *v.* SHRAFT.

The bill in this cause was filed by Edward Orr in the Circuit Court for the County of Clinton in Chancery, in aid of an execution issued upon a judgment in favor of the complainant against Jacob F. Shraft, and levied upon premises the title to which was in Mary Alvira Shraft, the wife of the judgment debtor. The upper story of the building, which had been erected by him, was occupied as a dwelling by Shraft and his wife, and the lower story by him for business purposes.

The cause was heard upon pleadings and proofs, and a decree entered "that the conveyance procured by defendant Jacob F. Shraft, to be made by John N. Fowler to defendant Mary Alvira Shraft, on the twenty-fourth day of September, 1868, of lot number eight, in block number fifteen, in the village of Isabella, now Fowler, Clinton county, Michigan, was procured to be made by the said defendant, Jacob F. Shraft, with intent to defraud his creditors, and especially the complainant; and that the consideration for such conveyance moved from said defendant Jacob F. Shraft, and not from said defendant Mary Alvira Shraft; and that said premises are subject to the payment of the judgment of the complainant against said defendant Jacob J. Shraft, which is declared and decreed to be a lien thereon; that defendant Mary Alvira Shraft convey said premises to said defendant Jacob F. Shraft, that the same may be applied to the payment of said judgment, and that the Sheriff of Clinton county, who has levied upon said premises the execution issued upon said judgment, proceed to sell the said premises and apply the proceeds of said sale, or so much thereof as may be necessary, to the payment of said judgment, and that complainant receive his costs, to be taxed, of said defendant."

From this decree the defendants appeal to this court.

ORR v. SHRAFT.

*Spaulding & Cranson*, for complainant.

*Anthony Cook* and *E. Gould*, for defendants.

GRAVES, J,

The complainant having obtained a judgment in September, 1869, in the Wayne Circuit Court, for six hundred dollars and over, against the defendant Jacob F. Shraft, caused an execution to be issued thereupon, which, being returned wholly unsatisfied, was followed by another execution in December, 1869, which was levied on a village lot in Fowler, formerly Isabella, in Clinton county, in the same month.

This bill was subsequently filed on the foot of these proceedings, and the complainant seeks by it to subject the village lot in question to his judgment debt. There are no questions in the case except what relate to the right of complainant to reach this property. The female defendant is the wife of the judgment debtor, and the bill claims that the lot levied on was conveyed to the wife in 1868 by one Fowler, and is held in her name. It then alleges that the consideration for Fowler's conveyance proceeded wholly from Shraft, the judgment debtor, and that it resulted from an arrangement between Shraft and Fowler, by which the latter was to convey to the former, if Shraft would put up a building and make some other improvements upon the lot, which the bill states he has done. It is also stated that the building is a valuable one, and has greatly increased the value of the lot, and that Shraft now occupies the lot and building for a store. The defendants say in their answer that the lot was conveyed to the defendant, Mrs. Shraft by Fowler in December, 1868, as a gift and homestead for her; that the defendant Jacob Shraft erected the

building by his own personal labor, and that the defendants have always occupied it as their homestead, and have no other property. The answer further says, that the building is of two stories, but small; that the upper part is and has always been used by the defendants as a dwelling, and that the lower part is used by the defendant, Jacob F., for a postoffice and some other official business purposes. The answer also claims that the lot and building are not worth to exceed one thousand dollars.

The Circuit Court, on hearing, decreed for complainant, and declared the premises subject to the payment of the judgment, which was ordered to be a lien. The only evidence bearing upon the rights of the parties which concern this property is very brief, and all of it, which is at all material, is found in the depositions of the defendants and Fowler. The latter was called by the complainant, and the two former testified in their own behalf.

The substance of Fowler's evidence is that, being proprietor of the village, now called Fowler, instead of Isabella, he verbally proposed to Shraft to give him the lot if he would put up a store there of about the dimensions of the building in question; that he furnished to Shraft most of the materials for constructing the building, and was mostly compensated by Shraft's personal labor; that as the tenement put up was in part a dwelling, he proposed to convey the premises to Mrs. Shraft as a homestead; that the defendants consenting to this, he conveyed accordingly He further stated that the defendants were living in the building at the time of his conveyance, and have lived in it ever since; and that the lot and building are worth about one thousand dollars. The evidence of the defendants agrees with that of Fowler in all substantial particulars.

We think it very clearly appears, that when Fowler conveyed to Mrs. Shraft, the property became and has since

remained a homstead, and exempt from execution; and such would have been its character if the deed had been taken by the husband. If the whole property had been a gift from Fowler to Mrs. Shraft, there would have been no ground whatever for pursuing it for her husband's debts, and the only pretense for going against it now, is, that the husband contributed to the improvements. He had a perfect right, however, to do this, for the purpose of making a homestead, to be held in his wife's name or his own, and the existence of any equities in his favor as between himself and his wife, growing out of his contributions, cannot open a door for the interference of creditors. The place occupied by husband and wife together as the homestead, and having the legal requisites in other respects, is none the less exempt as a homestead, because the legal title is in the wife; and if the husband chance to have in such a case some equitable interest, it will make no difference. If an instance should be found in which the bare legal title should be represented by the wife, while a perfect equitable title should exist in the husband, the property would be privileged to either or both as a homestead as against outsiders. There is no evidence in the case to show that Shraft had any fraudulent purpose in what he did about the premises. He seems to have succeeded in making his own labor available, for nearly all the outgoes in putting up the building, and the lot itself, really cost nothing to either defendant. Whatever the improvements may have cost him beyond his own labor, must have been a mere trifle, and of too little importance to color the transaction. The circumstance that the building was not occupied exclusively as a dwelling is of no consequence. No one would imagine that a person would lose his homestead privilege, if he should happen to use some room in his dwelling for his law office, or because his wife should in her own right

carry on dress-making in one of the apartments. The decree must be reversed, and the bill dismissed with costs.

The other Justices concurred.