## JOHN B. LOZO AND CATHARINE LOZO v. HIRAM A. SUTHERLAND.

*Homestead—Husband and Wife as Tenants in Common.*

A homestead can be claimed in lands held in joint tenancy.

A homestead can be owned and occupied by husband and wife as tenants in common.

The word "owner" within the meaning of the homestead exemption law, and even in the case of certain criminal offenses, includes all who have a claim or interest in the property, even though it is an undivided interest, or falls far short of absolute ownership in fee.

An allegation that complainants are owners in fee of certain described premises, that there is a building situated on the land, and that they have their residence in it and occupy it as a homestead, sufficiently alleges that there is a "dwelling" on the premises.

In a bill to set aside an execution as levied upon a homestead, an allegation "that the whole value of said premises over and above the amount of two mortgages prior in date to the date of the record of the levy of the execution   *   *   *   does not exceed the sum of $1,500" was considered sufficient on a general demurrer, though it would have been better to set forth the mortgages in detail.

Appeal from Mason. Submitted October 9, 1877. Decided January 22, 1878.

BILL TO SET ASIDE a sale. Defendant appealed.

*White & Haight* for complainants and appellees. A homestead is exempt whether the title is in the husband or wife, or where the legal title is in neither, and where the legal title is in one and the equitable title in the

other, *Murphy v. Crouch*, 24 Wis., 365; all exemptions are for the benefit of the family and not for individuals, *Shepard v. Cross*, 33 Mich., 98.

*H. A. Sutherland* and *Hugh McCurdy* for defendant and appellant. Where the undivided half of a homestead is conveyed to the wife to vest it in her more securely, neither husband nor wife can claim a homestead exemption in the other half, *Herschfeldt v. George*, 6 Mich., 469; *Wisner v. Farnham*, 2 Mich., 475; only the owner and occupant can claim exemption, *Amphlett v. Hibbard*, 29 Mich., 298; *People v. Plumsted*, 2 Mich., 465; *Fox v. Willis*, 1 Mich., 321.

MARSTON, J. Complainants filed their bill of complaint for the purpose of having set aside a certificate of sale made by the sheriff of certain premises claimed as a homestead and to have defendant release to them all title claimed by him under such sale.

The bill alleges that complainants are husband and wife occupying the premises, being less than a city lot, as a homestead; that the value thereof, exclusive of certain mortgages thereon given prior to the levy, does not exceed $1,500; that complainants own the premises as tenants in common; that defendant had recovered certain judgments against John B. Lozo; that executions were issued thereon and a levy by virtue thereof made upon John B. Lozo's undivided half, and sold to defendant who had obtained a deed thereunder. Defendant appeared and demurred to the bill, which was overruled and leave given to answer. No answer having been put in, the cause was heard upon the bill as confessed, and a decree rendered in favor of complainants. Defendant appealed.

The appellant insists that the bill of complaint should show all the facts necessary to a full description of a homestead as defined by law; that there is no averment in the bill that there was any dwelling house on the land and appurtenances, and no averment that the value of

33 MICH.—22.

the premises did not exceed the sum of fifteen hundred dollars.

No very nice technicalities should be resorted to on an examination of pleadings so long as it is apparent that the issues sought to be raised can fairly be brought up by them, and that the parties have not endeavored to keep back or cover up something which should appear.

The bill of complaint alleges that the complainants are owners in fee of the premises [describing them] "and have their residence in the building situated on said lot and occupy the same as a homestead, *   *   and that said premises were occupied by complainants, who were then husband and wife, as a homestead at the time of said levy."

It is alleged, therefore, that there is and was a building situate upon the lot, in which they resided, and that they occupied the same as a homestead. This we think is fully equivalent to a distinct allegation that there was a dwelling house on the premises. If there was a house or building there and they resided in it, we think that would entitle such a building to be dignified with the name of dwelling. As to the question of value, the allegation is "that the whole value of the said premises over and above the amount of two mortgages prior in date to the date of the record of the levy of the execution in favor of Hiram A. Sutherland hereinafter set forth does not exceed the sum of fifteen hundred dollars." While it would have been better and more satisfactory to have set forth more in detail the mortgages referred to, yet under a general demurrer we think the allegation must be considered sufficient.

The real question in the case is whether a homestead can be owned and occupied by husband and wife as tenants in common.

The constitution and statutes of this State exempt as a homestead any quantity of land not exceeding forty acres, or instead thereof any lot in any city or village,

and the dwelling house thereon and its appurtenances, owned and occupied by any resident of the State, not exceeding in value fifteen hundred dollars.

These provisions have ever received a liberal construction in this State. In *McKee v. Wilcox*, 11 Mich., 358, it was held that a homestead might be claimed in land of which a party was in possession under a contract to purchase. In *Orr v. Shraft*, 22 Mich., 261, that premises in which the husband has only an equitable interest would be protected as a homestead. In that case the legal title to the premises was in the wife, and a portion of the building thereon was occupied for business purposes.

In *Bunker v. Paquette*, 37 Mich., 79, it was held that a house exempt as a homestead might be removed by the owner to another lot or parcel of land, and that it would not be subject to seizure or sale upon execution while in transit.

The statute does not require that the person who claims certain premises as a homestead should own the entire title thereto in fee simple. The word "owner" as used in the law has generally been treated as including all parties who had a claim or interest in the property although the same might be an undivided one or fall far short of an absolute ownership, and possession alone has frequently been held, in reference to personal property, as *prima facie* evidence of ownership. Even in certain classes of criminal offenses our statutes have provided that it shall be sufficient to prove on the trial that at the time the offense was committed, either the general or special property, in the whole or in any "part of the real or personal estate, was in the person or community alleged in the indictment to be the owner thereof." See Comp L., §§ 7812, 7787. Instances might be multiplied indefinitely where a special property was held sufficient proof of ownership. The cases of *McKee v. Wilcox* and *Orr v. Shraft* settle the question that an absolute estate in fee simple is not required. Why then should

it be held that a homestead could not be claimed and allowed in lands held in joint tenancy? I confess I can see no good reason for any such distinction. Even if the other joint tenant was a stranger, and not the wife of the claimant, the lands might be partitioned in such manner under our statute as still to save a homestead.

It has been held under the homestead laws of other states that a homestead might be claimed in lands held in common with others. *McClary v. Bixby*, 36 Vt., 257; *Thorn v. Thorn*, 14 Iowa, 49; *Horn v. Tufts*, 39 N. H., 478.

The decree must be affirmed with costs.

The other Justices concurred.