46   389
83   197

46   389
115   179

## BENAIAH A. THARP v. HARRIET ALLEN.

*Tenant in common—Partition—Lessee's interest—Homestead exemption—Deed covers buildings—Validity of judgment put in evidence.*

A court's conclusion of fact in favor of the validity of a judgment introduced in evidence, cannot be reviewed if there are no facts or exceptions which would raise a doubt on the subject.

Buildings are presumed to go with the land in the absence of proof to the contrary.

A tenant in common cannot have, as such, any peculiar interest in any specific portion of the entire tract held in common; and his possession is subject to the incidents of partition whatever the portion that may be thereby set off to him.

Whatever a tenant in common takes by partition he takes practically as a purchaser from the aggregate tenancies.

A son who goes upon his father's land with the father's consent, and occupies a building already there, but who takes and holds possession under no claim of enjoyment that would create a homestead interest, and after his father's death pays rent to the representative of the estate, is merely a lessee, so far as his exclusive possession is concerned.

A lessee can convey his interest as such without his wife's consent.

The homestead exemption from execution is an exemption of an entirety, though a homestead may also be claimed in lands held in joint tenancy and not exceeding the homestead limitation in quantity.

Case made after judgment. Submitted June 16. Decided June 29.

EJECTMENT. Plaintiff had judgment below. Affirmed.

*Howell & Carr* and *Spafford Tryon* for plaintiff. A mere tenant in common can have no exclusive right in any specific portion of the land, and can therefore have no homestead therein: *People v. Plumsted* 2 Mich. 465; *Amphlett v. Hibbard* 29 Mich. 298; *West v. Ward* 26 Wis. 579; *Thurston v. Maddocks* 6 Allen 427; mere possession and use as a homestead do not give a homestead right: *Calderwood v. Tevis* 23 Cal. 335; *McClurken v. McClurken* 46 Ill. 327; an heir cannot acquire homestead rights in a portion of his ancestor's premises until partition has been had: *Wisner v. Farnham* 2 Mich. 472; *Herschfeldt v. George* 6 Mich. 469; *Seaton v. Son* 32 Cal. 481; *Reynolds v. Pixley* 6 Cal. 481.

*Harsen D. Smith* for defendant. An heir who is entitled to a share of real estate by partition is entitled to a homestead therein to the extent of his interest: *Lozo v. Sutherland* 38 Mich. 168; *Sherrid v. Southwick* 43 Mich. 515; a dwelling house built on land with the owner's consent and without any contract of purchase is personalty: *Wells v. Banister* 4 Mass. 514; *Osgood v. Howard* 6 Greenl. 452; *Barnes v. Barnes* 6 Vt. 388; *Fuller v. Tabor* 39 Me. 519; *Dame v. Dame* 38 N. H. 429; *Mills v. Redick* 1 Neb. 437; *Weathersby v. Sleeper* 42 Miss. 732; Cooley on Torts 429.

CAMPBELL, J. This is an action of ejectment, in which the court below found in favor of plaintiff and gave judgment accordingly. No exceptions were taken to the finding, and the errors assigned are all aimed at its sufficiency. The only objection which seems to have been brought to the attention of the court below relates to the alleged homestead right of defendant.

Defendant is wife of John Allen, who is still living, but not on the premises. He is the son of Green Allen, who died in 1879, leaving nine children who are his heirs at law. He owned a tract of land, including the premises in controversy and containing 470 acres. The land in controversy contains forty acres.

During his life he let John Allen go upon it and occupy a dwelling which had been before erected by them jointly, John paying rent some years and other years not paying, and the father paying taxes and cutting timber from the land. During John's occupancy he put up some outbuildings and made some other improvements. There was no agreement made about the buildings. After his father's death John paid rent to the administrator, and subsequently sold his interest in the whole estate, as tenant in common, to plaintiff. Dower was assigned to the widow of Green Allen, and partition was made in the probate court of the estate among the co-tenants. Plaintiff got as his portion the land in controversy, subject, however, to payment to the co-tenants, which he made, of $478.76, for equality of partition. Defendant did not sign her husband's deed, and did not leave when he did. The land is within the homestead value.

The only question which seems by the finding to have been presented to the court below, and put in shape for revision in this court, is that of the defendant's right of homestead. There is nothing in the finding indicating that the partition was invalid, as it was within the scope of the statutes; and in the absence of any facts or exceptions which would raise a doubt on the subject, we cannot review the conclusion of fact which the court below adopted. It must be assumed that when that court finds the conclusion that a judgment in partition passed the title, there was a valid judgment. If the defendant had any objections to the evidence of such a judgment there should have been exceptions taken, so that the facts might appear. No intimation is given of actual insufficiency, but we are asked to presume against the finding. This we cannot do.

Neither is there anything in the record indicating that John Allen should be a party. He does not claim any right, and is out of possession.

Having found general title in plaintiff and withholding by defendant against that title, there could be no finding by the court in her favor unless upon the determination of such

facts as would establish a valid homestead. And we think the court below was right in finding that none had been made out.

There is no right found in the dwelling itself, which was built before John Allen became a tenant, and which presumptively goes with the land in the absence of proof to the contrary, and there is no such finding, and it appears there was no such proof.

It appears affirmatively that John Allen neither took nor held possession under any claim or enjoyment, express or implied, which would create a homestead interest. He went on as his father's tenant, and even as such tenant his occupancy was concurrent with his father's exercise of acts of ownership involving entry on the land and removal of timber. No change of kind or character of tenancy was made after his father's death, but he continued to pay rent to the representative of the estate. He claimed no separate ownership in this parcel as distinct from the rest of the inheritance, and never undertook as heir to assert any sole possession, but did directly the contrary.

The case indicates that he acted on the legal and correct theory that a tenant in common as such can have no peculiar interest in any specific portion of an entire tract, and his possession was subject to the incidents of partition which may or may not set apart to him one portion rather than another. Whatever portion he takes, he takes practically as a purchaser from the aggregate tenancies. *Campau v. Barnard* 25 Mich. 381.

Allen, therefore, never had any interest in this parcel different from what he had in the rest, and his possession as a co-tenant was a possession of the whole tract on the same terms, and subject to the incidents of partition. The only exclusive possession he ever had was as lessee and not as owner, and such a right he could lawfully convey without his wife's consent, inasmuch as he had no title to the dwelling and is not found to have claimed to own it.

The constitutional exemption, as has been decided, is confined to an entirety. *Amphlett v. Hibbard* 29 Mich. 298.

We have given the statutes a somewhat broader interpretation, where there was a tenancy in common of a tract confined to the homestead quantity and claimed as a homestead. *Sherrid v. Southwick* 43 Mich. 515 ; *Lozo v. Sutherland* 38 Mich. 168. But where, as in the present case, there was not even a claim of that kind by the tenant, but there was a distinctly inconsistent holding, there is no room for the application of the law of homestead.

The judgment must be affirmed with costs, and the case remanded.

The other Justices concurred.