HOOPER *v.* McALLISTER.[1]

1. PARTITION—PARTIES.

A railroad company to which all the tenants in common of a tract have deeded a strip in fee for a right of way is not a necessary party to a suit between such cotenants for the partition of the tract, excluding the strip in question.

2. HOMESTEAD—UNDIVIDED INTERESTS—MORTGAGES.

A homestead will not attach to an undivided interest in a tract of land which, as a whole, exceeds the homestead limit both in acreage and in value, where there has been no separation of the undivided interests; and therefore it is not necessary to the validity of a mortgage upon such undivided interest that the wife of the owner should join therein.

---

[1] Rehearing denied February 16, 1898.

· Appeal from Calhoun; Smith, J. Submitted October 13, 1897. Decided December 7, 1897.

Bill for partition by Frederick B. Hooper against Alice McAllister and others. From the decree rendered, complainant appeals. Modified.

*Barbour & Rexford*, for complainant.

*John C. Patterson*, for defendants.

LONG, C. J. Complainant filed his bill for partition of certain premises in said bill described, setting forth that he and the defendants named have an estate in possession in said lands, and that the same are so circumstanced that a partition thereof cannot be made without great prejudice to the parties, and that it is necessary that a sale be made, and the moneys arising be divided among the parties according to their rights and interests. The land is described as the S. W. ¼ of section 13, township of Pennfield, Calhoun county (except a strip held by the Chicago & Grand Trunk Railway). The complainant claims to own in fee an undivided one-half of the land, derived from E. Darwin Brown through the foreclosure of a mortgage given by him to Betsey M. Barbour April 2, 1886, for $2,000 and interest, and by her foreclosed at law in 1892, and bid in. Complainant claims also to own in fee certain undivided interests in the other undivided half. This claim of title is made through a certain mortgage given September 28, 1878, by Lavinia K. Brown, Z. Edward Brown, and Celia Webber to Charles C. Peavey for $400, the foreclosure of this mortgage and sheriff's deed thereon, and through *mesne* conveyances from the purchaser.

It appears that E. Darwin Brown, the person who executed the $2,000 mortgage, and one Orlando Brown, were the owners in common of the premises described, each owning an undivided half interest. Orlando died intestate in September, 1862, leaving him surviving his widow, ·

Lavinia K. Brown, and three children, viz., Z. Edward Brown, Celia G. Brown, who married Mr. Webber, and Ruth Brown, who married Mr. McAllister. Ruth McAllister died intestate, leaving her surviving three children, all of the age of 21 years and upwards, named Alice, Orlando B., and Earl; so that the undivided half interest of Orlando Brown in the described premises became vested by inheritance in his widow, children, and grandchildren above named. After the death of Orlando Brown, the said E. Darwin Brown and the widow, children, and grandchildren of Orlando quitclaimed a strip of the land to the Chicago & Grand Trunk Railway Company.

Defendants Z. Edward Brown and his wife, Katie Brown, answered the bill in the nature of a cross-bill, denying complainant's title and equities, setting up a homestead interest in the mortgaged premises, and the wife claiming an inchoate dower interest. They also claimed an extension of time and a modification of the mortgage; that there was no forfeiture of the conditions in the mortgage making the power of sale operative; praying the cancellation of the mortgage foreclosure proceeding and the deed given on the sale, and that the mortgage be declared void as to the homestead interest. The other defendants also filed an answer in the nature of a cross-bill, denying that the complainant obtained title by the foreclosure of the Peavey mortgage.

It appeared that the mortgage given by E. Darwin Brown included, in addition to the undivided $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of section 13, the entire interest in a 40-acre tract described as the N. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of the same section. As the whole of this 40-acre tract passed to the purchaser on foreclosure, there existed no joint or common right in the others, and no condition to make it a factor in any suit for partition. But it further appeared that an interest actually remained in the undivided half of the land in controversy not covered by the Peavey mortgage. That interest was the share which had descended from

Orlando to his daughter Ruth, and from the latter to her three children, the McAllister defendants. Neither of the mortgagors represented that interest.

The complainant therefore claims title as follows:

1. The fee to an undivided four-sixths of the property described in the bill.

2. In addition thereto, the fee to an undivided one-sixth, and a vested estate for the life of Lavinia K. Brown in one-third thereof, or an undivided one-eighteenth of the whole property, subject to the inchoate right of dower of Katie Brown, the wife of Z. Edward Brown.

3. That he is the owner of a vested estate for the life of Lavinia K. Brown in one-third of each of the undivided one-eighteenth shares owned by the defendants Alice, Orlando B., and Earl McAllister, respectively.

4. That Katie Brown, subject to the complainant's estate for the life of Lavinia K. Brown in an undivided one-third · thereof, or one-eighteenth of the whole, has an inchoate right of dower in an undivided one-sixth, namely, one-eighteenth.

5. That each of the three McAllister defendants is the owner of an undivided one-eighteenth, subject to complainant's estate for the life of Lavinia K. Brown in one-third thereof, or one fifty-fourth of the whole property.

And that, under such circumstances, a decree for partition should be awarded, and a reference made to a commissioner to report whether the property is "so circumstanced that a partition and division thereof amongst the parties interested cannot be made without great prejudice to the owners," as provided by the statute (2 How. Stat. § 7871).

The proofs were taken in open court, and the court filed a written opinion, finding that the foreclosure of the $2,000 mortgage was valid, and the parties bound by it. As to the foreclosure of the $400 mortgage, the court found that the foreclosure was premature; and, as that court says, this finding is "not based upon the ground of fraud, nor entirely upon the ground of irregularity, but upon the broad and equitable ground that the foreclosure was premature as being without default;" and yet in the decree the land was discharged of this lien. A decree

was therefore entered that the complainant ought not to have the full relief asked in his bill, and that the defendants Z. Edward Brown and Katie Brown are entitled to the relief asked in their cross-bill. The prayer for partition as contained in the bill as to that part of the premises described in the mortgage given to Peavey, and described in the sheriff's deed on foreclosure, was denied, and the sheriff's deed given upon the sale in the foreclosure of that mortgage was canceled and set aside, and the land discharged of the lien of the mortgage. The cause was referred to a circuit court commissioner to report the condition of the premises as to a partition, on the basis that the value of one-half of the premises go to complainant, and one-half to the defendants, Celia Webber, and Lavinia K. Brown. Defendants were awarded costs. Complainant appeals.

None of the defendants having appealed, the question of the validity of the E. Darwin Brown mortgage, and its foreclosure and the sale thereunder, cannot now be raised. So far as the defendants are concerned, they must be held as acquiescing in that decree. The only questions, then, to be considered and discussed, relate to the interests acquired under the Peavey mortgage, and the interests which each party to the proceedings takes in the premises.

It is contended, however, that the Chicago & Grand Trunk Railway Company should have been made a party. Inasmuch as that company acquired title to the premises conveyed, it was not necessary to make it a party. No right is claimed by the complainant in that strip of land conveyed as a right of way, and the defendants had conveyed all their interests therein, and could claim no rights in the premises.

As to the Peavey mortgage, it is contended by counsel for defendants that, Z. Edward Brown being married at the time the mortgage was executed, and his wife not having joined in its execution, it was void, for the reason that the premises were less than 40 acres in amount, and less than $1,500 in value. This contention cannot be sus-

tained. The lands in controversy were the entire of the S. W. ¼ of section 13; that is, 160 acres of land. It was held by E. Darwin Brown and Orlando Brown in his lifetime as tenants in common, each owning an undivided half interest. At Orlando's death it descended to his widow and the three children. At this time the farm was occupied by E. Darwin Brown, the widow of Orlando, and his three children. It was occupied as one farm, and the parties all lived in the same house thereon, with E. Darwin Brown as the apparent head of the family. They were the owners of undivided interests therein, and the whole 160 acres was of much greater value than $1,500. The house was built out of the proceeds of the farm, except that the widow furnished $1,200 in money therefor out of her separate means, and the heirs raised $500 by mortgage on their undivided half of the premises. There has been no separation of these interests in the buildings or in the lands. This was the situation at the time the Peavey mortgage was given. All the heirs joined in this mortgage except Ruth's children and Katie, Z. Edward Brown's wife. It was not necessary to the validity of the mortgage that Z. Edward's wife should join. While her inchoate dower interest is not claimed by the complainant to have been in any way surrendered, it is apparent that she has no homestead right in the premises which can now be enforced. It has been held by this court that a homestead right may be claimed in land held by a tenancy in common if the whole does not exceed in quantity and value the homestead limit. *Sherrid* v. *Southwick,* 43 Mich. 515; *Cleaver* v. *Bigelow,* 61 Mich. 47. The case is ruled by *Tharp* v. *Allen,* 46 Mich. 389. Z. Edward Brown had no interest in any particular part different from any other part of the whole. He never had any exclusive possession of any particular part or of the whole land. His interest in any part was no different than in the whole. He had no particular, exclusive right to the dwelling. That was owned by the parties jointly. Under

these circumstances, the mortgage was not void because not signed by the wife.' *Tharp* v. *Allen, supra.*

It is also contended that some arrangement had been made by Z. Edward Brown with the owner of the mortgage that the time of payment of it should be extended from year to year until notice of demand of payment was made by the mortgagee. This is not sustained by the proofs. Mrs. Betsey M. Barbour was the mortgagee. It appears from her letters written to E. Darwin Brown, which were put in evidence by the defendants, that Z. Edward Brown was in arrears on his interest for two years. Some interest money was paid to Mrs. Graves, who, defendants contend, was the agent of Mrs. Barbour. There is no evidence to satisfy us that Mrs. Graves was the agent of Mrs. Barbour, and authorized to receive this interest money. This money was paid some nine months after the sale on foreclosure. The premises were bid in, and the title passed to Levi L. Barbour; and at least it cannot be claimed that Mrs. Graves was in any sense the agent of Mr. Barbour.

The court was in error in finding the mortgage was prematurely foreclosed, and also in error in setting aside the sheriff's deed, and relieving the property of the lien of the mortgage. The decree must be modified in accordance with the claims of the complainant herein set forth, and the cause remanded to carry the decree into effect. Complainant will recover the costs of both courts.

The other Justices concurred.