BARNES *v.* CITY OF DETROIT.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONAL LAW.
      Claim that statute granting tax exemption to war veterans was unconstitutional is not considered, where such issue was not pressed on oral argument (CLS 1961, § 211.7, subd 11).

2. PROPERTY—TENANCY IN COMMON—UNDIVIDED INTEREST.
      A tenant in common does not own the whole property in which he has an undivided interest, the undivided interest being a separate estate.

3. TAXATION—WAR VETERANS' UNDIVIDED INTEREST.
      Partially disabled war veteran who owned an undivided 2/5 interest in realty which he occupied as a homestead *held,* entitled to war veterans' tax exemption as to such interest, where the total value of his taxable property is less than the statutory maximum, notwithstanding the assessed valuation of the whole property exceeds the maximum limitations and his wife had acquired the other 3/5 undivided interest by separate

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 13, 14, 574, 873.
[2] 20 Am Jur 2d, Cotenancy and Joint Ownership § 22 *et seq.*
[3] 56 Am Jur, Veterans and Veterans' Acts § 9.
[4] 5 Am Jur 2d, Appeal and Error § 1009.

conveyance from the former owners with her own funds (CLS 1961, § 211.7, subd 11).

4. Costs—Public Question—War Veterans' Tax Exemption.
No costs are awarded on appeal in war veterans' action to recover portion of city and county tax claimed to have been overpaid due to denial of tax exemption, a public question being involved (CLS 1961, § 211.7, subd 11).

Appeal from Wayne; Wise (John M.), J. Submitted Division 1 May 12, 1965, at Detroit. (Docket No. 331.) Decided July 19, 1965. Rehearing denied August 20, 1965. Leave to appeal granted by Supreme Court November 9, 1965.

Complaint by Donald K. Barnes against the City of Detroit, Charles N. Williams, Treasurer of the City of Detroit, Board of Assessors of the City of Detroit, County of Wayne, and Louis H. Funk, Treasurer of the County of Wayne, to recover property taxes paid under protest and to enjoin assessment of his property without granting a disabled veterans' exemption. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Donald K. Barnes, in propria persona.*

*Robert Reese,* Corporation Counsel, *Irving S. Wolfe, Julius C. Pliskow,* and *Nick Sacorafas,* Assistant Corporation Counsel, for defendant City of Detroit, Charles N. Williams, and the Board of Assessors of the City of Detroit.

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy* and *William F. Koney,* Assistant Prosecuting Attorneys, for the County of Wayne and Louis H. Funk.

McGregor, J. Plaintiff Barnes is the owner of an undivided two-fifths interest as a tenant in common

in certain realty in the city of Detroit, which he and his wife occupy as their homestead. The other three-fifths undivided interest is owned by appellant's wife, who acquired the property by separate conveyance from the former owners and paid for her interest with her own funds. The board of assessors of the city of Detroit determined the valuation of this piece of property to be $13,630. The plaintiff is a partially-disabled veteran who is claiming the $2,000 homestead tax exemption, granted in CL 1948, § 211.7, subd 11 (Stat Ann 1960 Rev § 7.7, subd 11).

Upon the refusal of the tax authorities to assess plaintiff's two-fifths interest separately, and to allow him the benefit of the veterans' exemption, he paid his property taxes for the year 1963 in full, under protest. Plaintiff subsequently brought suit in the circuit court for Wayne county to obtain a refund of the alleged over-payment of $97.25 to the county of Wayne, and $44.47 to the city of Detroit, and for injunctive relief to compel separate assessments and the granting of an exemption. Plaintiff brings this appeal from the order of the trial court granting defendants' motion to dismiss.

The anomaly of this case is that plaintiff, while attempting to obtain the benefit of the exemption statute, attacks its constitutionality. On oral argument, plaintiff, presenting the case on his own behalf, conceded that there was little likelihood that the statute would be held unconstitutional. This Court declines to disappoint plaintiff's expectation. *Auditor-General* v. *MacKinnon Boiler & Machine Co.* (1917), 199 Mich 489; *Lucking* v. *People* (1948), 320 Mich 495.

The issue here is whether the city and county may refuse to grant the benefits of a veterans' tax exemption to an otherwise qualified, partially-disabled veteran who owns only an undivided two-fifths interest

in a homestead, of which he has the full use and possession as his family residence. The provision granting the exemption employs this terminology:

"All real estate, to the value of $2,000.00, used and owned as a homestead by any soldier, or sailor," et cetera. CL 1948, § 211.7, subd 11 (Stat Ann 1960 Rev § 7.7, subd 11).

The statute provision limiting the exemption reads as follows:

"If any homestead as defined in this eleventh subdivision shall exceed in value the sum of $2,000.00 it shall be exempt only to the amount of such sum."

"The exemption set forth in this eleventh subdivision shall not operate to relieve from taxation any person who is the owner of taxable property, both real and personal, of greater value than $7,500." CL 1948, § 211.7, subd 11(i) (Stat Ann 1960 Rev § 7.7, subd 11[i]).

The assessed valuation of the whole property exceeds the maximum limitations, but the pro-rated value of plaintiff's own interest, added to his other taxable property, is less than the maximum.

The provision granting the exemption applies to the real estate itself when it is the residence of the veteran. The provision limiting the exemption, however, is not phrased in terms of the value of the real estate, but is expressed in terms of the value of property owned by the person claiming the exemption. It cannot be said that a tenant in common owns the whole property.

"An undivided interest is just as much a separate estate as a divided one, and the law so regards it." *People, ex rel. Holbrook,* v. *Treasurer of Detroit* (1860), 8 Mich 14, 16.

This Court concludes that plaintiff is entitled to the benefit of the veterans' exemption.

Cause reversed and remanded for further proceedings. No costs are awarded, since a public question is involved.

J. H. GILLIS, P. J., and WATTS, J., concurred.