BARNES *v.* CITY OF DETROIT.

OPINION OF THE COURT.

1. HOMESTEAD—OWNERSHIP OF PROPERTY.
   A person does not have to own property in fee simple to claim a homestead.

2. PROPERTY—OWNER.
   Generally, the word "owner", includes all parties who had a claim or interest in property, although it might be an undivided interest or fall short of an absolute ownership.

3. SAME—POSSESSION.
   Possession alone, may be prima facie evidence of ownership of personal property.

4. TAXATION—WAR VETERAN'S HOMESTEAD EXEMPTION.
   A war veteran's homestead exemption from ad valorem property taxation applies when it is the residence of the veteran and the value of his interest in the property is less than the statutory maximum (CLS 1961, § 211.7, subd 11).

5. SAME—DISABLED WAR VETERAN'S UNDIVIDED INTEREST—HOMESTEAD EXEMPTION.
   Disabled war veteran who owned an undivided 2/5 interest in realty which he occupied as a homestead *held,* entitled to war veterans' tax exemption as to such interest, where the total value of his taxable property is less than the statutory maxi-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 5]  26 Am Jur, Homestead § 54 *et seq.*
[2]  42 Am Jur, Property §§ 37–39.
[3]  42 Am Jur, Property §§ 42–44.
[4]  51 Am Jur, Taxation § 549.
[6]  20 Am Jur 2d, Costs § 87 *et seq.*
[7]  20 Am Jur 2d, Cotenancy and Joint Ownership §§ 7, 26.
[8, 9]  5 Am Jur 2d, Appeal and Error § 820.
[10]  5 Am Jur 2d, Appeal and Error §§ 654, 655, 698.
[11]  20 Am Jur 2d, Costs § 87 *et seq.*

mum, notwithstanding the assessed valuation of the whole property exceeds the maximum limitations and his wife had acquired the other 3/5 undivided interest by separate conveyance from the former owners with her own funds (CLS 1961, § 211.7, subd 11).

6. COSTS—DISABLED WAR VETERAN—COURT OF APPEALS—SUPREME COURT.

Costs are awarded taxpayer, disabled war veteran, on appeal to the Supreme Court, although costs had been denied by the Court of Appeals whose decision is otherwise affirmed.

DISSENTING OPINION.
DETHMERS, C. J., and O'HARA, J.

7. PROPERTY—TENANCY IN COMMON—UNDIVIDED INTEREST A SEPARATE ESTATE.

*An undivided interest in property is as much a separate estate as a divided one.*

8. APPEAL AND ERROR—NONJURY CASE—FINDING OF FACT—PREPONDERANCE OF THE EVIDENCE.

*The Supreme Court does not disturb findings of fact, made by a trial court sitting as a finder of facts, unless the findings are against the clear preponderance of the evidence.*

9. TAXATION—UNDIVIDED INTEREST—DISABLED VETERAN'S EXEMPTION.

*Trial court's finding of facts that plaintiff, a disabled war veteran, and his wife occupied and shared residence, having an assessed value of $13,630, as their homestead, and that the total value of the property must be considered for taxation rather than an aliquot part, such as the 2/5 undivided interest plaintiff claimed as his share, held, not unsupported by competent evidence, hence, he was not entitled to claimed statutory allowance of $2,000 exemption against his $5,452 share, granted to owners of homesteads not of greater value than $7,500 (CLS 1961, § 211.7, subd 11[c]).*

10. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONAL LAW.

*Claim that statute granting tax exemption to war veterans was unconstitutional is not considered, where such issue was not pressed on oral argument (CLS 1961, § 211.7, subd 11).*

11. COSTS—PUBLIC QUESTION—WAR VETERANS' TAX EXEMPTION.

*No costs are awarded on appeal in war veteran's action to recover portion of city and county tax claimed to have been overpaid*

Appeal from Court of Appeals, Division 1; J. H. Gillis, P. J., McGregor and Watts, JJ., reversing Wayne, Wise (John M.), J. Submitted October 5, 1966. (Calendar No. 1, Docket No. 51,310.) Decided June 6, 1967.

1 Mich App 299, affirmed.

Complaint by Donald K. Barnes against the City of Detroit, Charles N. Williams, Treasurer of the City of Detroit, Board of Assessors of the City of Detroit, County of Wayne, and Louis H. Funk, Treasurer of the County of Wayne, to recover property taxes paid under protest and to enjoin assessment of his property without granting a disabled veteran's exemption. Judgment for defendant in trial court. Judgment reversed by Court of Appeals. Defendant appeals. Affirmed.

*Donald K. Barnes, in propria persona.*

*Robert Reese,* Corporation Counsel, *Irving S. Wolfe, Julius C. Pliskow,* and *Nick Sacorafas,* Assistant Corporation Counsel, for defendant City of Detroit, Charles N. Williams, and the Board of Assessors, of the City of Detroit.

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy* and *William F. Koney,* Assistant Prosecuting Attorneys, for the County of Wayne and Louis H. Funk.

T. M. KAVANAGH, J. This appeal involves the construction of the veterans' homestead exemption

provision of the general property tax act.[1] The factual background is as follows:

Plaintiff-appellee is a veteran of World War II with a service-connected disability recognized by the United States Veterans' Administration for which he receives compensation. He owns a two-fifths undivided interest in common in certain real estate in the city of Detroit. The remaining three-fifths interest is owned by his cotenant, Ruth C. Barnes, who purchased it with her separate funds. Ruth C. Barnes is plaintiff's wife and they occupy the premises together as a homestead.

The assessed valuation of the entire premises is $13,630, and the valuation of plaintiff-appellee's two-fifths interest is therefore $5,452, and that of his wife and cotenant's interest is $8,178. Plaintiff-appellee owns no other taxable property.

Plaintiff applied in turn to the board of assessors, the board of review and the State tax commission for separate assessment and exemption. Relief having been denied, he paid the taxes under protest and filed complaint in Wayne county circuit court against the city of Detroit, its treasurer and board of assessors. Later Wayne county and its treasurer were added as defendants.

Plaintiff's complaint prayed that the board of assessors be required (1) to assess to him separately the value of his undivided interest in the real estate as tenant in common and (2) to allow him against that assessment the $2,000 exemption granted by CLS 1961, § 211.7, subd 11(c) (Stat Ann 1961 Cum Supp § 7.7, subd 11[c]) with respect to real estate owned and used as a homestead by a disabled veteran. He also sought judgment against the respective defendants for refund of $88.94 paid to the city

---

[1] CLS 1961, § 211.7, subd 11 (Stat Ann 1961 Cum Supp § 7.7, subd 11).

and $14.27 paid to the county, those being the amounts by which the respective taxes would have been reduced had the claimed exemption been allowed against the assessment of December 31, 1962.

Plaintiff filed a motion for summary judgment, and defendants filed a motion to dismiss the complaint. The circuit judge denied the former and granted the motion to dismiss.

Plaintiff appealed to the Court of Appeals and that Court reversed the circuit court in a well-reasoned opinion reported in 1 Mich App 299. It concluded the plaintiff was entitled to the exemption.

Defendants appealed to this Court.

Justice O'Hara, writing for reversal of the Court of Appeals, states:

"However, the precise point here involves not a question of the nature of estates in land. Before Judge Wise could construe the involved subsection of the applicable statute and apply the controlling case law and the opinion of the attorney general, he, of necessity, had to make an essential primary determination from the pleadings and exhibits."

Circuit Judge Wise found as follows:

"In this case, it is obvious that there has been no partition *in fact.* Plaintiff and his wife occupy and share the residence in question as their homestead. Since the *incidents* of ownerships are not separated, the total value of the property must be considered." (Emphasis supplied.)

Justice O'Hara concluded:

"This determination was not contradicted by anything in the record before the court at the time he granted and denied the respective motions."

The circuit judge relied upon an attorney general's opinion, No 3392, rendered April 10, 1959,[2] and the

[2] 1 OAG 1959–1960, p 77.—Reporter.

cases therein cited, for the principle that only when there has been a partition *in fact* restricting ownership and control to a particular part of the total property can a tenant in common base his claim of exemption upon the value of that aliquot part rather than on the value of the whole property. He concluded there had been no partition *in fact* in this case and therefore plaintiff was not entitled to the homestead exemption on the two-fifths tenancy in common interest in the property. The circuit court disregarded an earlier opinion of the attorney general, No 354, given in May, 1947,[3] holding directly to the contrary.

For reasons detailed hereafter, we conclude the circuit court erred in following the 1959 attorney general's opinion.

The authorities cited in the 1959 attorney general's opinion in support of the conclusion reached are: *Tharp* v. *Allen,* 46 Mich 389; *Cleaver* v. *Bigelow,* 61 Mich 47; and *Hooper* v. *McAllister,* 115 Mich 174. None of these cases supports the position taken by the attorney general.

The *Tharp* v. *Allen* case merely holds *the wife of a lessee* cannot claim a homestead so as to be a necessary party to an action of ejectment. Mrs. Allen, defendant, claimed a homestead right in her husband's interest. Her husband John during his lifetime went upon land owned by his father and occupied a dwelling which had been erected on the land by them jointly, John paying rent some years and other years not paying, and the father paying taxes and cutting timber from the land. During John's occupancy he put up some outbuildings and made some other improvements. There was no agreement made about the buildings. After the father's death, John paid rent to the administrator

---

[3] OAG 1947–1948, p 311.—REPORTER.

and subsequently sold his interest in the whole estate as a tenant in common to plaintiff. Partition was made in probate court, plaintiff getting his interest. Defendant, wife of John, did not sign her husband's deed and did not leave the premises when he did. The action of ejectment was brought and the question was: Did she have a homestead interest with her husband which required her to join in the deed? The Court held that John Allen neither took nor held possession under any express or implied claim which would create a homestead interest. He went on the land as his father's tenant and even as such tenant his occupancy was concurrent with his father's exercise of acts of ownership involving entry on the land and removal of timber. No change of kind or character of tenancy was made after the father's death, but he continued to pay rent to the representative of the estate. He claimed no separate ownership in this parcel as distinct from the rest of the inheritance, and never undertook as heir to assert any sole possession, but did directly the contrary. The wife of lessee consequently could claim no homestead.

*Cleaver* v. *Bigelow, supra,* is another ejectment case. There the Court held that the action of ejectment is a possessory one and whether the husband and wife owned the land in question in fee or otherwise, they were equally interested in the homestead, which involves the question of possession, and therefore the wife of a tenant in common claiming a homestead is a necessary party to an action of ejectment.

The third case, *Hooper* v. *McAllister,* 115 Mich 174, held that a wife's signature is not required to enable a tenant in common to execute a valid mortgage where no homestead is claimed or could be claimed by the husband, and that all the wife had

was her inchoate dower interest. The Court concluded it was apparent she had no homestead right in the premises which could be enforced.

The 1959 attorney general's opinion, relying upon these cases, goes on to hold that the foregoing opinions must be limited in their application to cases where the tenancy in common had been partitioned in fact, and concludes:

"In other words, only when a tenant in common does, in fact, restrict *ownership and control* to a particular part of the total property can he base his claim of exemption upon the value of that aliquot part rather than on the value of the whole property. Where the tenant in common does not so restrict his control but instead practices the usual incidents of ownership over the whole property, the total value of the property must be included in the aggregate of such tenant's taxable property. Legal effects flow from the actual practice of ownership as it relates to the property, not from the legal characterization of the tenure."

The eleventh subdivision of said section 7 of the general property tax act, as amended, exempts:

"Eleventh,   *   *   *   (c) All real estate to the value of $2,000 *used and owned as a homestead* by any soldier or sailor of the Federal government *   *   * and who *has* a service or nonservice connected disability." (Emphasis supplied.)

It is undisputed that plaintiff-appellee qualifies as a disabled veteran and that he owns an undivided two-fifths interest in common in the realty involved and the residence thereon. It is to be noted the statute uses the phrase *"used and owned as a homestead."* No mention of control is made in the statute, as was the case in the 1959 attorney general's opinion.

This Court has many times held that a person does not have to own property in fee simple to claim a homestead. The word "owner" as used in the law has generally been treated as including all parties who had a claim or interest in the property, although the same might be an undivided one or fall short of an absolute ownership, and possession alone has frequently been held, in reference to personal property, as prima facie evidence of ownership.

In the case of *Lozo* v. *Sutherland,* 38 Mich 168, reference is made to the cases of *McKee* v. *Wilcox,* 11 Mich 358, and *Orr* v. *Shraft,* 22 Mich 260, as settling the question that an absolute estate in fee simple is not required, this Court holding that a homestead might be claimed in lands held in common with others.

This rule has been followed in many cases by this Court since the decision in *Lozo* v. *Sutherland.* See *King* v. *Welborn,* 83 Mich 195, and cases therein cited.

The statutory exemption applies to the real estate itself when it is the residence of the veteran. The provision limiting the exemption,[4] however, is not phrased in terms of the value of the real estate, but is expressed in terms of the value of the property *owned* by the person claiming the exemption. The two-fifths property interest *owned* by this veteran did not exceed the maximum limitation.

As was said by the Court of Appeals, "It cannot be said that a tenant in common owns the whole property." It cites as authority *People, ex rel.*

---

[4] "If any homestead as defined in this eleventh subdivision shall exceed in value the sum of $2,000, it shall be exempt only to the amount of such sum.

"The exemptions set forth in this eleventh subdivision shall not operate to relieve from taxation any person who is the *owner* of taxable property, both real and personal, of greater value than $7,500." CLS 1961, § 211.7, subd 11(i) (Stat Ann 1961 Cum Supp § 7.7, subd 11[i]). (Emphasis supplied.)

*Holbrook,* v. *Treasurer of Detroit,* 8 Mich 14, 16 (77 Am Dec 433), which holds:

"An undivided interest is just as much a separate estate as a divided one, and the law so regards it."

This Court held in *City of Detroit* v. *State Tax Commission,* 369 Mich 508, in a unanimous opinion, that the board of assessors may not refuse, when requested, separate assessments to individual owners without legal justification.

We conclude that plaintiff is entitled to the benefit of the veteran's exemption and to the separate assessment. We affirm the decision of the Court of Appeals.

Plaintiff shall have costs.

KELLY, BLACK, SOURIS, and ADAMS, JJ., concurred with T. M. KAVANAGH, J.

O'HARA, J. (*dissenting*). This appeal involves the construction of the veterans' homestead exemption statute.[1] The factual background is as follows:

Plaintiff-appellee Barnes is a veteran of World War II with a service-connected disability recognized by the United States Veterans' Administration on which compensation is paid. He owns a two-fifths undivided interest in common in the residence at 1791 Burns avenue, Detroit, Michigan. The remaining three-fifths interest is owned by his cotenant, Ruth C. Barnes, who purchased it with her separate funds. Ruth C. Barnes is plaintiff's wife and they occupy the premises together as a homestead.

The assessed valuation of the entire premises is $13,630, and the valuation of plaintiff-appellee's two-fifths interest is therefore $5,452, and that of his

---

[1] CLS 1961, § 211.7, subd 11 (Stat Ann 1961 Cum Supp § 7.7, subd 11).

wife and cotenant's interest is $8,178.    Plaintiff-appellee owns no other taxable property.

Plaintiff Barnes applied in turn to the board of assessors, the board of review and the State tax commission for separate assessment and exemption. Relief having been denied, he paid the taxes under protest and filed complaint in Wayne county circuit court against city of Detroit, its treasurer and board of assessors.    Later Wayne county and its treasurer were added as defendants.

Plaintiff filed suit to require the board of assessors to (1) assess to him separately the value of his undivided interest in the real estate as tenant in common and (2) to allow him against that assessment the $2,000 exemption granted by CLS 1961, § 211.7, subd 11 (c) (Stat Ann 1961 Cum Supp § 7.7, subd 11 [c]) with respect to real estate owned and used as a homestead by a disabled veteran.    He also sought judgment against the respective defendants for refund of $88.94 paid to the city and $14.27 paid to the county, those being the amounts by which the respective taxes would have been reduced had the claimed exemption been allowed against the assessment of December 31, 1962.

The cause was submitted for decision on motion of plaintiff for summary judgment and motion of defendants for dismissal.    Circuit Judge John M. Wise denied the former and granted the motion to dismiss.

We do not view the issue in this case as did the Court of Appeals.    We are of the opinion that the authorities cited by the appellate court are well-settled, but we believe they are inapposite to the case at bar.    We are in complete accord with the statement from *People, ex rel. Holbrook,* v. *Treasurer of Detroit,* 8 Mich 14, 16 (77 Am Dec 433);

"An undivided interest is just as much a separate estate as a divided one, and the law so regards it."

However, the precise point here involves not a question of the nature of estates in land. Before Judge Wise could construe the involved subsection of the applicable statute and apply the controlling case law and the opinion of the attorney general, he, of necessity, had to make an essential primary determination from the pleadings and exhibits.

The eleventh subsection of section 7 of the general property tax act, CLS 1961, § 211.7, subd 11 (c) (Stat Ann 1961 Cum Supp § 7.7, subd 11[c]), as amended, exempts:

"Eleventh * * * (c) All real estate to the value of $2,000 *used and owned as a homestead* by any soldier or sailor of the Federal government * * * and who has a service or nonservice connected disability." (Emphasis supplied.)

It is undisputed that plaintiff-appellee qualifies as a disabled veteran. It is undisputed that he owns an undivided two-fifths interest, in common, in the concerned realty and the residence thereon. It is not undisputed that such undivided interest in fact falls within the statutory exemption as that exemption has been judicially construed and interpreted by an opinion of the attorney general based on such judicial construction. We quote from the opinion:[2]

"In other words, only when a tenant in common does, in fact, restrict ownership and control to a particular part of the total property can he base his claim of exemption upon the value of that aliquot part rather than on the value of the whole property. Where the tenant in common does not so restrict his control *but instead practices the usual*

2 1 OAG 1959–1960, No 3392, p 77, at pp 78, 79.

*incidents of ownership over the whole property,* the total value of the property must be included in the aggregate of such tenant's taxable property." (Emphasis supplied.)

The opinion cites *Tharp* v. *Allen,* 46 Mich 389; *Cleaver* v. *Bigelow,* 61 Mich 47; *Hooper* v. *McAllister,* 115 Mich 174.

Judge Wise, however, also correctly determined from the pleadings and the exhibits that:

"In this case, it is obvious that there has been no partition in fact. Plaintiff and his wife occupy and share the residence in question as their homestead. Since the incidents of ownership are not separated, the total value of the property must be considered."

This determination was not contradicted by anything in the record before the Court at the time he granted and denied the respective motions.

Plaintiff has cross-appealed. Somewhat enigmatically he argued to the Court of Appeals that the exemption is unconstitutional and hence he was not entitled thereto. On this point, we are in accord with the holding of the Court of Appeals and upon the basis of the authority by it cited. We find no constitutional infirmity in the statute.

The order of the Court of Appeals reversing the trial court and remanding for further proceedings in the circuit court should be vacated. The case should be remanded to the Court of Appeals with directions to enter its order affirming the trial court. No costs, a public question.

DETHMERS, C. J., concurred with O'HARA, J.

BRENNAN, J., did not participate in the decision of this case.