STOREY *v.* STOREY.

1. JUDGMENT—APPEAL AND ERROR—DIVORCE—FRAUDULENT CONVEY-
ANCES.
Assumpsit judgment in divorce decree which was not appealed
from by defendant therein may not be reviewed by Supreme
Court in proceedings to set aside alleged fraudulent convey-
ances.

2. HOMESTEAD—TITLE.
There can be no homestead right in property, the title to which
is in another person.

3. SAME—TITLE—OCCUPANCY AS HOME.
In plaintiff's suit to set aside conveyance to her former hus-
band's sister of premises occupied by him and his new wife
as a home, when plaintiff established title in defendant hus-
band she accorded him the homestead right.

4. FRAUDULENT CONVEYANCES — ACQUISITION OF HOMESTEAD WITH
FUNDS NOT EXEMPT FROM EXECUTION.
It is not fraud to place property which may be subject to execu-
tion out of reach of creditors by using it to acquire a home-
stead even if the debtor intended to defraud his creditors by
doing so.

5. HOMESTEAD—NATURE OF THE EXEMPTION.
The homestead exemption is not a mere privilege but an absolute
right.

6. FRAUDULENT CONVEYANCES—THIRD PARTY CLAIMANTS—EVIDENCE.
In plaintiff's suit to set aside conveyance to her former hus-
band's sister of premises occupied by him and his new wife,
claim advanced by him that sister furnished part of considera-
tion of purchase price and that circuit court should have de-
creed return of that sum to her upon sale of the premises is
not acceded to where the sister was not a witness, was out of
the State, brought into case by publication, her deposition was
not taken, and asserted payment by sister was so intermingled
with defendant husband's funds as to render weight to be
accorded his testimony peculiarly subject to view of circuit
judge.

7. Same—Antenuptial Agreements—Consideration.

Promise to marry, followed by consummation, *held*, to furnish a valuable consideration for husband's giving money to present wife pursuant to agreement antedating wedding but reduced to writing and signed on the day thereof, hence judgment creditor may not have bonds, purchased with such money, sold and applied on the debt.

8. Same—Divorce—Trusts—Support of Children.

In suit by divorced wife against former husband and others to set aside trust fund established by him for benefit of their minor son whose custody she obtained, where income was awarded by court to be credited on amount father was to pay for child's support and mother accepted such decree also awarding her judgment in assumpsit, mother *held*, estopped from claiming avails of trust fund as fraudulent as to her in its inception.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted April 23, 1936. (Docket No. 46, Calendar No. 38,794.) Decided June 4, 1936.

Bill by Flossie M. Storey, also known as Flossie M. Passage, against William H. Storey, Myrtle I. Storey, Mary Fetterly and Michigan Trust Company, a Michigan corporation, for discovery of assets, to set aside certain transactions and other relief. Defendants Michigan Trust Company and Fetterly defaulted. From decree rendered, plaintiff appeals. Modified and affirmed.

*Rosenburg & Painter*, for plaintiff.

*R. Stanley Day* (*Hicks & Des Jardins*, of counsel), for defendants.

Wiest, J. Plaintiff, twice married to and divorced from defendant William H. Storey, was, in the last decree, granted $5,000 in the nature of an assumpsit judgment, had execution issue thereon and, upon a

*nulla bona* return, filed the bill herein to reach property alleged to have been fraudulently placed by the judgment debtor in the names of the other defendants.

The assumpsit judgment in the decree for divorce, not having been appealed from by defendant therein, is not now before us, except as a curiosity in legal procedure.

Upon the hearing of the case at bar the court found that the home occupied by defendants William H. Storey and his present wife, defendant Myrtle I. Storey, with title recorded in the name of defendant Mary Fetterly, Mr. Storey's sister, was purchased with money furnished by Mr. Storey, and decreed title to be in Mr. Storey and directed that the premises be sold and the proceeds, less a homestead exemption of $1,500, be paid on plaintiff's judgment.

Plaintiff, by appeal, seeks elimination of the homestead interest and her counsel contend that there can be no homestead right in property, the title to which is in another person.

This is trite and true but plaintiff has established, by decree, the title to be in Mr. Storey and thus has created the essential element of ownership, along with occupancy as a home, thus according the homestead right.

Plaintiff also contends that no homestead right should be recognized because the money used in purchasing the premises was in fraud of her judgment call to have it. We apprehend that this is not the first time a judgment creditor has been impatient with the homestead exemption law and policy to leave a debtor, at least, his breeches.

In *Kleinert* v. *Lefkowitz*, 271 Mich. 79, it was held:

"It is not fraud to place property which may be on hand subject to execution out of reach of credi-

tors by using it to acquire a homestead. *Finn* v. *Krut,* 13 Tex. Civ. App. 36 (34 S. W. 1013). Even if one disposes of his property subject to execution for the very purpose of converting its proceeds into exempt property in the nature of homestead, this does not constitute fraud. * * *

"Plaintiff claims the money which was used to buy the property in question belonged to the husband; that he bought the real estate used as a home by himself and wife and took the title thereto in her name with intent to defraud his creditors; and consequently he is not entitled to a homestead exemption therein.

"The precise question has been passed upon, not only by this court, but elsewhere.

"A similar question was before the court in *Orr* v. *Shraft,* 22 Mich. 260, and the homestead exemption was held to attach. The homestead exemption is not a mere privilege, but an absolute right."

In the case at bar the court was right in according defendant Storey the homestead exemption.

Counsel for defendants claim that Mary Fetterly paid $1,800 of the purchase price of the home now occupied by defendants Storey and, upon the sale, she should have return of that sum.

We are not inclined to reverse the trial judge on this subject. Mrs. Fetterly was not a witness, was in the State of Kansas, brought in by publication, her deposition was not taken and the claim in her behalf was by Mr. Storey and the asserted payment was so intermingled with Mr. Storey's funds as to render the weight to be accorded his testimony peculiarly subject to the view of the man had by the circuit judge.

It appears that the present wife of defendant Storey purchased certain bonds, using $1,000 of her own means, and $2,000 given her under an agreement in consideration of marriage.

The court decreed that the bonds be sold and two-thirds of the proceeds thereof be paid to the clerk of the court, to be applied on plaintiff's judgment, and that one-third be paid to the defendant Myrtle I. Storey.

The defendants Storey, by appeal, seek reversal contending that the agreement of marriage was good and sufficient consideration for the payment.

The promise to marry, followed by consummation, furnished a valuable consideration, and there is no evidence of bad faith or fraudulent purpose on the part of Mrs. Storey, and we can see no good reason for taking the money from the new wife and delivering it over to plaintiff.

Counsel for plaintiff, however, point to the fact that the agreement was reduced to writing and signed on the day of the wedding and evidently after the marriage, inasmuch as it was signed Myrtle I. Storey.

We are satisfied from a reading of the record that the agreement, while reduced to writing and signed the day of the wedding, antedated the wedding.

Plaintiff and defendant William H. Storey had one child and Mr. Storey, on the 11th day of February, 1926, or about three months before the judgment was rendered, deposited securities, amounting to $3,000, as a trust fund, with the Michigan Trust Company of Grand Rapids, with power in the trust company to manage and control the same and, during the continuance of the trust, to pay the net income therefrom to him in semi-annual instalments for the benefit of the son.

Plaintiff appeals from the refusal of the court to revoke the trust agreement and have the trust fund paid to her upon the judgment.

The divorce decree of May, 1926, awarded plaintiff herein the custody of the four-year old boy and

required Mr. Storey to pay $25 per month for the support of the child until he reached the age of 16 years. The court found, in that case, that certain described securities had been deposited by Mr. Storey with the Michigan Trust Company, as trustee, and decreed all income therefrom to be paid by the trust company to the county clerk, to be applied upon the moneys due and owing under the decree, and that no part of the income should be paid to Mr. Storey or Margaret Storey, as provided in the trust agreement; also that the sums so paid by the trust company were to be credited on the allowance of $25 per month. It should be stated that the trust agreement provided for payment of the net income on the securities deposited to Mr. Storey, if living, otherwise to Margaret Storey, his sister-in-law, and to be used for the benefit, support and education of his son, up to his twenty-first year, and then, if the son should be living, the fund to be turned over to him. The court, in the divorce case, recognized the trust and applied the income therefrom to the purpose for which it was created and plaintiff herein accepted the decree and may not now attack the trust as a fraudulent conveyance, have it vacated and the fund or securities subjected to payment on her judgment entered in the same decree. The circuit judge in the suit at bar refused to vacate the trust agreement because the boy, as beneficiary, was not made a party to this suit, and we have pointed out reasons why the trust may not be vacated and plaintiff, instead of her son, take the fund.

A former trust fund of $10,000, set up by the parties in Indiana, for the benefit of their son, was vacated by court action, instituted by plaintiff in that State, and she obtained the avails.

Plaintiff's mentioned recognition of the Michigan trust fund estops her from now claiming it was fraudulent as to her at its inception.

The decree in the circuit court will be modified to conform with this opinion, with costs to defendants Storey.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.