CITY OF DETROIT v. STATE TAX COMMISSION.

1. TAXATION—REAL PROPERTY—ASSESSMENT.
   Real property must be assessed for taxes to the owner, if known, and also to the occupant, if any (CL 1948, § 211.3).

2. SAME—STATE TAX COMMISSION—COMPLAINTS OF TAXPAYERS.
   The State tax commission may consider written complaints of any taxpayer that property subject to taxation has been omitted from or improperly described upon the assessment roll or that individual assessments have not been made in compliance with law (CLS 1956, § 211.152).

3. SAME—ASSESSMENT AS SINGLE PARCEL OF SEVERAL PARCELS INDIVIDUALLY OWNED.
   Assessments of several parcels of property, occupied by a single store building, were not made in compliance with law, where they were not assessed to the owners of the property which

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation §§ 682–684.
[2] 51 Am Jur, Taxation §§ 676, 734–736.
[3, 4] 51 Am Jur, Taxation § 690.
    Validity and effect of single assessment of separate parcels of real estate belonging to different owners.   144 ALR 341.
[5] 51 Am Jur, Taxation § 769.
[6] 51 Am Jur, Taxation § 732.
[7] 51 Am Jur, Taxation §§ 649, 742, 751.
[8] 14 Am Jur, Costs § 106.

was described as a single parcel when in fact there were several parcels individually owned (CL 1948, § 211.3; CLS 1956, § 211.152).

4. SAME—STATE TAX COMMISSION—DIVISION OF ASSESSMENT AS SINGLE PARCEL INTO PARCELS SEVERALLY OWNED.

Action of the State tax commission in dividing land assessed by city for tax purposes as a single parcel into several parcels to reflect the separate ownership thereof and to allocate to each such divided parcel its pro rata share of the assessed valuation for land and building thereon which covered all parcels *held,* authorized by statute upon its inspection of the assessment roll as considered and confirmed by city's board of review (CLS 1956, § 211.152).

5. SAME—STATE TAX COMMISSION—INSPECTION OF ASSESSMENT ROLL —CITY'S BOARD OF REVIEW—ADMINISTRATIVE LAW.

Proceedings taken by the State tax commission upon its inspection of a city's assessment roll that has been duly confirmed by its board of review are not, strictly speaking, appellate proceedings such that taxpayers may not seek redress before the commission without having exhausted their administrative remedies before the city's board of review (CLS 1956, § 211.152).

6. SAME—STATE TAX COMMISSION HEARINGS—DUE PROCESS.

City may not be said to have been deprived of due process by not having any right to a hearing or representation therein by counsel of its choice by State tax commission due to the fact that the commission scheduled 2 simultaneous hearings at different locations on matters in which city was interested, but city appeared and fully participated in hearing from which appeal herein has been granted and it does not appear that city had made timely remonstrance as to the original scheduling.

7. SAME—STATE TAX COMMISSION—SUFFICIENCY OF ORDERS.

Orders entered by State tax commission separating various parcels of land occupied by a single store building from single description embracing all the parcels and ordering correction of city assessment roll in accordance with the actual individual ownership thereof *held,* to have complied with statutory requirement that it report all its decisions in writing with a concise statement of the facts and reasons therefor (CL 1948, § 209.102, as amended by PA 1960, No 147).

8. COSTS—PUBLIC QUESTIONS—STATE TAX COMMISSION—DIVISION OF
    ASSESSMENT AS SINGLE DESCRIPTION.
    No costs are allowed on appeal reviewing action of State tax
        commission in separating, according to individual ownership,
        several parcels of land hitherto assessed as 1 description, now
        that lessee thereof which occupied a single store building
        covering the entire tract has become bankrupt, since public
        questions are involved (CL 1948, § 209.102, as amended by
        PA 1960, No 147; § 211.3; CLS 1956, § 211.152).

Appeal from State Tax Commission. Submitted
January 10, 1963. (Calendar No. 28, Docket No.
49,768.) Decided March 7, 1963. Rehearing denied
June 3, 1963.

Action by City of Detroit, a municipal corpora-
tion, against Michigan State Tax Commission to
review its determination in respect to separate
assessments of parcels of realty formerly leased by
bankrupt Ernst Kern Company in department store
operation. Orders directing separate assessments
affirmed.

*Robert Reese*, Corporation Counsel, *Irving S.
Wolfe* and *Julius C. Pliskow*, Assistant Corporation
Counsel, for plaintiff city.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *T. Carl Holbrook*
and *William D. Dexter*, Assistant Attorneys General,
for defendant commission.

*Amicus Curiae:*

*Smith, Brooker & Harvey* (*Carl H. Smith, Sr.*,
of counsel) and *Goetz, Goetz & Foley* (*Albert G.
Goetz*, of counsel), for property owners asking af-
firmance of tax commission jurisdiction.

SOURIS, J. The city of Detroit appeals, by leave
granted, from orders of the State tax commission,

the effect of which was to divide land assessed for tax purposes as a single parcel into 5 separate parcels to reflect the separate ownership thereof and to allocate to each such divided parcel its pro rata share of the assessed valuation for land and building thereon.   The city challenges the legal right of the commission to exercise such powers of correction of the assessment roll or division of property for assessment purposes.   It also claims that the commission lacked jurisdiction because the taxpayers affected by its orders failed to exhaust their administrative remedies before the city's board of review. Other claims made by the city are that it was deprived of constitutional due process because the commission scheduled simultaneous hearings in. Detroit, thereby preventing its attorney from representing it in all matters considered by the commission at such hearings; and that the orders of the commission failed to comply with the requirements of PA 1960, No 147,[*] because the commission failed to set forth therein a statement of facts and its reasons for the decisions.

This controversy arises as a result of the business failure of the Ernst Kern Company in December of 1959.   The building in which the Ernst Kern Company's department store was located covered all of the property here involved and other property as well.   Until its failure, the company leased the property from the various owners thereof under lease agreements providing that it would pay the taxes upon the land and the building.   As a consequence, until 1959 such taxes were assessed to the company which leased the land and not to the owners thereof.   It appears that some of the taxes for the years 1958 and 1959 were not paid by the company

---

[*] This act amended CL 1948, § 209.102, as amended by PA 1953, No 80 (Stat Ann 1960 Rev and Stat Ann 1961 Cum Supp § 7.632).— REPORTER.

and that all of the land involved herein is subject to liens for such unpaid taxes. In 1960 the owners of the property attempted to persuade the city assessors to divide the property for assessment purposes to reflect the individual ownership of the various parcels, but the assessors refused to do so, apparently believing that such action on their part would interfere with enforcement of the city's liens against the entire property as it was described on the 1959 and 1960 assessment rolls. The matter came to the attention of the State tax commission in 1961 by letter addressed to the commission by the representative of some of the individual owners of the various parcels involved. This letter was treated by the commission as a complaint; the city's assessors were notified by the commission of its receipt and a copy sent to them; and the matter was thereafter handled by the commission as a proceeding upon written complaint within the provisions of section 152 of the general property tax law, CLS 1956, § 211.152 (Stat Ann 1960 Rev § 7.210).

Section 3 of the general property tax law, CL 1948, § 211.3 (Stat Ann 1960 Rev § 7.3), provides that real property should be assessed "to the owner if known, and also to the occupant, if any." There is no factual dispute in this case concerning the ownership of the various parcels of property involved, nor is it disputed that the identity of the owners was made known to the city at least as early as 1960. In fact the city concedes in its brief that if there had not been unpaid taxes charged against the property, the administrative officers of the city would have complied with the property owners' requests for division of the property for tax assessment purposes in compliance with the requirements of section 3. The city offers no legal justification for its refusal to assess the property against the known owners thereof but relies instead and solely upon the bare

assertion that to do so would have interfered with its enforcement of its lien for unpaid 1958 and 1959 taxes. Failure of the city to assess the separate parcels of property to their individual owners after 1959, as requested, and their continued assessment as a single parcel precluded the owners from determining what portion of the total assessment was attributable to their separate property and, at least as far as the assessment rolls were concerned, the taxes assessed against the property would appear to be charged against the whole.

Section 152 authorizes the commission to consider written complaints of any taxpayer "that property subject to taxation has been omitted from or improperly described upon said roll or individual assessments have not been made in compliance with law" and it also authorizes the commission to "determine the true and lawful assessment or change in the description of property as found necessary." It seems to us clear that the assessments were not made in compliance with law because they were not assessed to the owners of the property and that describing the property assessed as a single parcel, when in fact there were several parcels individually owned, was not a proper description of the property upon the assessment roll.

What the commission ordered done in this matter, we conclude, was within the powers granted to it by section 152. That such powers are broad in scope was noted by this Court recently in *In re Dearborn Clinic & Diagnostic Hospital*, 342 Mich 673.

Nor do we believe the commission lacked jurisdiction because of the taxpayer's failure to request relief from the city's board of review. The fact of the matter is that the assessment roll was considered and confirmed by the board of review in accordance

with the city's charter, title 6, chapter 2, §§ 5 and 6,* and it was this roll, so confirmed, which the commission was *required* to inspect by section 152 of the general property tax law. Section 152 grants to the commission the power to enter such orders as it entered here based upon its inspection of the rolls either upon its own motion or upon written complaint of any taxpayer. The point of all this is that proceedings under section 152 are not, strictly speaking, appellate proceedings such that before its provisions can be invoked taxpayers must exhaust their administrative remedies before the city's board of review.

When the State tax commission scheduled hearings in Detroit in 1961, it scheduled simultaneous hearings in 2 different locations and, unfortunately, some of the matters in which the city of Detroit was interested were scheduled at one location while other such matters were scheduled at the other location. It does not appear from this record that officials of the city made known their objection to this proceeding in advance of the date scheduled for the hearings. However, on the date hearings commenced, objection was duly made by the city's attorney on the ground that he could not be present at both places at the same time to participate in all matters in which the city was interested. We have no doubt that the commission would have rearranged the schedule of hearings to accommodate the city of Detroit had the city's objections been made known to the commission in time to permit such rearrangement. Nor do we doubt that, absent prior agreement by the city's attorney to the schedule followed in these hearings, the city may have been deprived unnecessarily of its choice of counsel in some hearing or hearings conducted by the commission under such

---

* Detroit, Municipal Code 1954, charter section, p 172.—REPORTER.

circumstances. The fact remains, however, that in the proceeding sought here to be reviewed, the city was not deprived of any such rights. Its counsel appeared and participated fully, after noting on the record his objection to the simultaneous hearings. Under such circumstances, we cannot say that the city of Detroit was deprived in this proceeding of any right to a hearing or to representation therein by counsel of its choice.

Finally, the city claims that the defendant commission failed to comply with the requirements of CL 1948, § 209.102, as amended by PA 1960, No 147 (Stat Ann 1961 Cum Supp § 7.632), which requires the State tax commission to report all decisions in writing with a concise statement of the facts and reasons therefor. The orders entered by the commission set forth its consideration of the taxpayers' evidence and argument in support of division of the property in accordance with the actual individual ownership thereof and ordered that the assessment roll be so corrected. We do not read the cited statute to require more than was recited in these orders, absent disagreement on the essential facts. As indicated above, the city did not dispute the claims of ownership of the various parts of the whole parcel involved herein nor did it dispute the allocation of the total assessed value to the various divided parts. The city was entitled under the statute to no more than the orders contained.

Affirmed. No costs, public questions being involved.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, Otis M. Smith, and O'Hara, JJ., concurred.