FLOWERS v BEDFORD TOWNSHIP

Docket No. 314125. Submitted April 2, 2014, at Lansing. Decided April 8, 2014, at 9:00 a.m.

Helen Flowers' husband died, leaving a will providing her a life estate in the home he owned before their marriage and providing a future interest in the home to his children. Helen (petitioner) then sought a principal residence exemption for the property under MCL 211.7cc. The Township of Bedford (respondent) denied the request. Petitioner appealed in the Tax Tribunal. A hearing referee held that petitioner was an "owner" of the property entitled to claim the exemption. Respondent filed exceptions, and the Tax Tribunal reversed the determination of the referee, holding that petitioner was not an owner entitled to the exemption. Petitioner appealed.

The Court of Appeals *held*:

1. The Tax Tribunal properly determined that petitioner was not an owner under MCL 211.7dd(a)(*v*) because her life estate was not preceded by a sale or transfer of the property to another.

2. A life estate gives the holder the right to possess, control, and enjoy the property during the holder's lifetime. The holder of a life estate has an interest in the property and is considered an owner. Petitioner is entitled to the exemption because she is a partial owner, along with her husband's children, under MCL 211.7dd(a)(*ii*). Petitioner also is an owner under MCL 211.7dd(a)(*iii*) because she owns the property as a result of being a beneficiary of a will or trust or as a result of intestate succession.

Reversed and remanded.

TAXATION — PRINCIPAL RESIDENCE EXEMPTIONS — LIFE ESTATES — WORDS AND PHRASES — OWNERS.

A life estate gives the holder the right to possess, control, and enjoy the property during the holder's lifetime; the holder of a life estate is an "owner" of the property for purposes of determining entitlement to a principal residence exemption for the property (MCL 211.7cc; MCL 211.7dd(a)(*ii*)).

*Look, Makowski and Look, PC* (by *Steven R. Ma-kowski*), for petitioner.

*Lennard Graham & Goldsmith, PLC* (by *Jahn F. Landis*), for respondent.

Before: WILDER, P.J., and FITZGERALD and MARKEY, JJ.

PER CURIAM. Petitioner appeals as of right a final opinion and judgment of the Michigan Tax Tribunal in which the tribunal determined that petitioner is not entitled to a principal residence exemption (PRE) under MCL 211.7cc. We reverse and remand.

Petitioner's husband, Richard, owned a home before he and petitioner married. Richard passed away in August 2011. His will provided petitioner a life estate in the home, and provided his children a future interest in the home. A deed granting petitioner's life estate was drafted on January 16, 2012. Respondent denied petitioner's request for a PRE for the property. Petitioner appealed, and a hearing referee determined that petitioner is an "owner" of the property under MCL 211.7dd(a)(*v*) and therefore entitled to the exemption. Respondent filed exceptions to the referee's findings. The tribunal determined that petitioner is not an owner under MCL 211.7dd(a)(*v*) because she was not a prior owner before the transfer and, therefore, that she is not entitled to the exemption.

The only issue presented is whether petitioner is an owner of the property for purposes of the PRE under MCL 211.7cc. "In the absence of fraud, review of a decision by the Tax Tribunal is limited to determining whether the tribunal erred in applying the law or adopted a wrong principle; its factual findings are conclusive if supported by competent, material, and substantial evidence on the whole record." *Mich Bell*

*Tel Co v Dep't of Treasury*, 445 Mich 470, 476; 518 NW2d 808 (1994). Resolution of this appeal also involves a matter of statutory interpretation, which is reviewed de novo as a question of law. *Klooster v City of Charlevoix*, 488 Mich 289, 295; 795 NW2d 578 (2011).

The primary goal in statutory interpretation is to give effect to the Legislature's intent. *Mt Pleasant v State Tax Comm*, 477 Mich 50, 53; 729 NW2d 833 (2007). When interpreting a statute, the statute must be considered as a whole and the words used are to be given their plain meaning. *Klooster*, 488 Mich at 296. "When the plain and ordinary language of a statute is unambiguous, the Legislature's intent is clear and judicial construction is neither necessary nor permitted." *Moshier v Whitewater Twp*, 277 Mich App 403, 407; 745 NW2d 523 (2007). However, "[w]here a statute sets forth its own definitions, the terms must be applied as expressly defined." *Cherry Growers, Inc v Agricultural Mktg & Bargaining Bd*, 240 Mich App 153, 169; 610 NW2d 613 (2000).

In pertinent part, MCL 211.7cc(1) states that "[a] principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under section 1211 of the revised school code, 1976 PA 451, MCL 380.1211, if an owner of that principal residence claims an exemption as provided in this section." MCL 211.7dd(a) defines "owner" to mean any one of the following:

> (*i*) A person who owns property or who is purchasing property under a land contract.
>
> (*ii*) A person who is a partial owner of property.
>
> (*iii*) A person who owns property as a result of being a beneficiary of a will or trust or as a result of intestate succession.

(*iv*) A person who owns or is purchasing a dwelling on leased land.

(*v*) A person holding a life lease in property previously sold or transferred to another.

(*vi*) A grantor who has placed the property in a revocable trust or a qualified personal residence trust.

(*vii*) The sole present beneficiary of a trust if the trust purchased or acquired the property as a principal residence for the sole present beneficiary of the trust, and the sole present beneficiary of the trust is totally and permanently disabled. As used in this subparagraph, "totally and permanently disabled" means disability as defined in section 216 of title II of the social security act, 42 USC 416, without regard as to whether the sole present beneficiary of the trust has reached the age of retirement.

(*viii*) A cooperative housing corporation.

(*ix*) A facility registered under the living care disclosure act, 1976 PA 440, MCL 554.801 to 554.844.

Petitioner maintains that she qualifies as an "owner" under MCL 211.7dd(a)(*ii*), (*iii*), or (*v*).

The tribunal concluded that petitioner is not an owner under MCL 211.7dd(a)(*v*):

MCL 211.7dd(a)(*v*) defines "owner" as "[a] person holding a life lease in property previously sold or transferred to another." Here, Petitioner is not the owner of the subject property. Although the Tribunal finds that Petitioner has a valid life lease in the property, Petitioner did not previously own the subject property prior to the creation of the life lease and the clause "previously sold or transferred to another" implies prior ownership. Otherwise, the clause would not have been added to interpret owner to include the holder of a life lease.

The tribunal's reasoning in regard to MCL 211.7dd(a)(*v*) is sound because petitioner's life estate was not preceded by a sale or transfer of the property to another.

MCL 211.7dd(a)(*ii*) defines owner as a "person who is a partial owner of property." This definition is ambiguous because it is circular, i.e., the term to be defined— "owner"—is included as part of the definition. Thus, we can consult dictionary definitions to provide meaning. *Johnson v Pastoriza*, 491 Mich 417, 436; 818 NW2d 279 (2012). "Owner" is the derived, undefined noun form of "own." *Random House Webster's College Dictionary* (1997), p 933; see *id.* at xvi. "Own" is defined, in part, as "something that belongs to oneself" or "to have or hold as one's own; possess." *Id.* at 933. And "ownership" is defined as "the state or fact of being an owner" or "legal right of possession; proprietorship." *Id.*

And, looking to caselaw, in *Barnes v Detroit*, 379 Mich 169, 177; 150 NW2d 740 (1967), a case involving an exemption with respect to real estate owned and used as a homestead by a disabled veteran, the Court stated:

> This Court has many times held that a person does not have to own property in fee simple to claim a homestead. The word "owner" as used in the law has generally been treated as including all parties who had a claim or interest in the property, although the same might be an undivided one or fall short of an absolute ownership, and possession alone has frequently been held, in reference to personal property, as prima facie evidence of ownership.

A life estate gives the holder the right to possess, control, and enjoy the property during the holder's lifetime. *Wengel v Wengel*, 270 Mich App 86, 99; 714 NW2d 371 (2006). Accordingly, we conclude that the holder of a life estate has an interest in the property and is considered an "owner." Therefore, petitioner is entitled to the PRE because she is a partial owner, along with Richard's children, under MCL 211.7dd(a)(*ii*). Further, petitioner is also an owner under MCL 211.7dd(a)(*iii*) because she "owns property as a result of

being a beneficiary of a will or trust or as a result of intestate succession." The tax tribunal erred by applying the law or adopted a wrong principle when it determined petitioner was not an owner under MCL 211.7dd(a). *Mich Bell*, 445 Mich at 476.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

WILDER, P.J., and FITZGERALD and MARKEY, JJ., concurred.