*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ASHLEY N. VUKICH,

UNPUBLISHED
July 29, 2021

Petitioner-Appellee,

v

No. 354252
Tax Tribunal

CITY OF ST. CLAIR SHORES,

LC No. 20-000265-TT

Respondent-Appellant.

Before: FORT HOOD, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

In this action regarding property taxes, respondent appeals as of right the order of the Michigan Tax Tribunal granting a property tax exemption to petitioner under MCL 211.7b for the 2017, 2018, and 2019 tax years. We affirm.

## I. FACTUAL BACKGROUND

This case arises from respondent's decision to remove a property tax exemption from the subject property, a residential home. Steven Geiger lived on the subject property from 2005 until his death in January 2019. Geiger "was a 100% disabled veteran receiving assistance from the Veteran's Administration for specially adapted housing[,]" which qualified him for the property tax exemption under MCL 211.7b. In 2017, petitioner became a co-owner of Geiger's property. After Geiger's death, respondent's assessor petitioned the Michigan State Tax Commission (STC) to add the property back to the tax rolls to be assessed taxes for the remainder of 2019. The STC approved that requested, but also noted that the exemption should have been removed in 2017 and 2018 after petitioner became a co-owner. The result was that a significant back-tax obligation fell on petitioner's shoulders.

Petitioner filed a petition with the tribunal, arguing that respondent improperly removed Geiger's exemption for the 2017, 2018, and 2019 tax years. For its part, it would seem that respondent either did not support or took no position as to the STC's conclusion that the exemption did not apply to the 2017 and 2018 tax years, but maintained that the exemption should not have applied to 2019 because of Geiger's death. The tribunal sided with petitioner in full, concluding that the STC misinterpreted MCL 211.7b. The tribunal cited *James R Videan v Norwich Twp*,

-1-

unpublished order of the Michigan Tax Tribunal, entered on February 22, 2016 (Docket No. 15-000143), for the conclusion that

> the plain meaning of the statute only indicates that the disabled veteran must *own* the subject property. There is no indication that the [L]egislature intended to require that the property be *solely* owned by the disabled veteran. . . . [T]he mere use of the word "owned" does not indicate a sole possessory right. Rather, the veteran must only rightfully have or possess the subject property.

And, because respondent had initially sought to prorate the exemption for the 2019 tax year to account only for the period of time that Geiger was still alive, the tribunal further stated the property qualified for the exemption for the entirety of that year under MCL 211.2(2) because Geiger was qualified and still living at the property on December 31, 2018—the 2019 "tax day."

## II. ANALYSIS

Respondent first contends that the tribunal erred when it concluded that the exemption applied to the 2017, 2018, and 2019 tax years pursuant to MCL 211.7b. We disagree.

To preserve an argument on appeal, it must first be "presented to the [tribunal] . . . ." *Henderson v Dep't of Treasury*, 307 Mich App 1, 29; 858 NW2d 733 (2014). Respondent suggested in its answer to the petition that the subject property did not qualify for an exemption for the 2019 tax year on the basis of Geiger's death. However, it is unclear whether respondent took the position that petitioner's co-ownership nullified the exemption in 2017 and 2018. In its answer to the petition, respondent indicated that respondent only removed the exemption for those tax years because it was instructed to do so by the STC. On appeal, respondent's argument is more clear. Respondent reiterates the STC's position that the subject property did not qualify for the exemption in 2017, 2018, or 2019 due to petitioner's co-ownership.

Ordinarily, we might conclude that respondent's argument with respect to the 2017 and 2018 tax years is unpreserved and decline to address the argument on that basis. See *D'Agostini Land Co LLC v Dep't of Treasury*, 322 Mich App 545, 561; 912 NW2d 593 (2018). However, despite the fact that respondent's position cannot be clearly gleaned from the answer it filed below, we note that no record of the hearing before the tribunal was created, consequently, we can only speculate as to how respondent addressed the issue at that time. With that in mind, and because we may overlook preservation requirements where an issue involves a question of law and the facts necessary for its resolution have been presented, we elect to address the merits of respondent's argument in full. See *Forest Hills Coop v Ann Arbor*, 305 Mich App 572, 586; 854 NW2d 172 (2014).

"Our review of decisions of the tribunal is limited." *Midwest Power Line, Inc v Dep't of Treasury*, 324 Mich App 444, 446; 921 NW2d 543 (2018). "In the absence of an allegation of fraud, review is restricted to determining whether the tribunal committed an error of law or adopted a wrong legal principle." *Breakey v Dep't of Treasury*, 324 Mich App 515, 520; 922 NW2d 397 (2018) (quotation marks and citation omitted). We review the tribunal's interpretation of statutory provisions de novo. *Total Armored Car Serv, Inc v Dep't of Treasury*, 325 Mich App 403, 406; 926 NW2d 276 (2018).

The primary goal of statutory interpretation is to give effect to the Legislature's intent as derived from the language of the statute itself. *Mich Ed Ass'n v Secretary of State (On Rehearing)*, 489 Mich 194, 217-218; 801 NW2d 35 (2011). Accordingly, this Court will not read anything into an unambiguous statute that does not reflect the intention of the Legislature as expressed by the statutory language. *Id*. at 218. Unless defined in the statute, statutory language will be given its plain and ordinary meaning. *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008). If a term is not defined in the statute, then a court may consult a dictionary for a term's definition. *Sanchez v Eagle Alloy Inc*, 254 Mich App 651, 668; 658 NW2d 510 (2003). Additionally, statutes that relate to the same class of persons or things should be read *in pari materia* and harmonized where possible. *Bloomfield Twp v Kane*, 302 Mich App 170, 176; 839 NW2d 505 (2013).

Under the General Property Tax Act (GPTA), MCL 211.1 *et seq*., "all real property not expressly exempted is subject to taxation." *Breakey*, 324 Mich App at 520, citing MCL 211.1. MCL 211.7b exempts any disabled veterans discharged from the armed forces of the United States under honorable conditions from certain real property taxes. The statute provides:

> (1) Real property used and owned as a homestead by a disabled veteran who was discharged from the armed forces of the United States under honorable conditions or by an individual described in subsection (2) is exempt from the collection of taxes under this act. [MCL 211.7b(1).]

A "homestead" under the GPTA is "a dwelling or a unit in a multipurpose or multi-dwelling building which is subject to ad valorem taxes and which is owned and occupied as the principal domicile by the owner thereof." MCL 211.7a(1)(c). An "owner" of a homestead is "the holder of legal title if a land contract does not exist, or the most recent land contract vendee." MCL 211.7a(1)(d).

The parties do not dispute that Geiger was a disabled veteran under the statute, and that he resided on the property during the 2017, 2018, and 2019 tax years. Instead, respondent argues that Geiger's status as a co-owner of the property with petitioner during these tax years disqualified him from receiving the exemption. We recognize the STC's bulletin, which states:

> **My home is in a joint tenancy, am I eligible for the exemption?**
>
> No. A joint tenancy is a form of concurrent ownership wherein each co-tenant owns an undivided share of property and the surviving co-tenant has the right to the whole estate. The Act does not provide for a partial exemption in the situation where you are a partial owner of a property. [Revenue Admin Bull 2013-161, p 4.]

However, the STC's interpretation of an owner under the statute is not binding on the tribunal or this Court. See *In re Rovas Complaint*, 482 Mich 90, 117-118; 754 NW2d 259 (2008) ("[A]gency interpretations are entitled to respectful consideration, but they are not binding on courts and cannot conflict with the plain meaning of the statute."). Moreover, we think the tribunal's consistently held decisions that the STC's present interpretation of MCL 211.7b(1) is incorrect better encompass the goals of statutory interpretation.

The plain and ordinary meaning of the statute indicates that Geiger must have owned and used the subject property as his homestead during the years in question. MCL 211.7b(1). The Legislature has indicated that ownership involves holding legal title, but has otherwise given no indication as to how co-ownership might impact the application of MCL 211.7b(1). See 211.7a(1)(d). "Own" is commonly defined as "[t]o rightfully have or possess as property; to have legal title to." *Black's Law Dictionary* (11th ed). Relatedly, "ownership" refers to "rights allowing one to use, manage, and enjoy property, including the right to convey it to others." *Black's Law Dictionary* (11th ed). Respondent's position, without reference to authority or persuasive analysis, is that "co-ownership" is not "ownership" within the meaning of MCL 211.7b(1).[1] But, this assertion seems contrary to the above definitions, and our Supreme Court has implied the same. In *Barnes v Detroit*, 379 Mich 169, 177; 150 NW2d 740 (1967), with specific reference to the veterans' homestead exemption, the Court noted:

> This Court has many times held that a person does not have to own property in fee simple to claim a homestead. The word "owner" as used in the law has generally been treated as including all parties who had a claim or interest in the property, although the same might be an undivided one or fall short of an absolute ownership, and possession alone has frequently been held, in reference to personal property, as prima facie evidence of ownership.

Here, Geiger rightfully possessed and had legal title to the subject property during the 2017, 2018, and 2019 tax years, and on that basis, we cannot discern legal error from the tribunal's conclusion that MCL 211.7b(1) applied to him.[2]

Respondent argues in the alternative that the tribunal erred in granting the exemption for the entire 2019 tax year on the basis of MCL 211.2(2). That statute provides:

> (2) The taxable status of persons and real and personal property for a tax year shall be determined as of each December 31 of the immediately preceding year, which is considered the tax day, any provisions in the charter of any city or village to the contrary notwithstanding. [MCL 211.2(2).]

---

[1] Respondent contends that, if the Legislature wanted co-owners to be included in the statute, it could have replaced the word "own" with "[have] an ownership interest in." However, the corollary of this argument is that, if the Legislature felt that co-ownership was not, itself, ownership, it might have indicated the same. It did not.

[2] We note respondent's argument that this interpretation of MCL 211.7b(1) will entice individuals to take advantage of the tax system and avoid paying taxes by "having disabled veterans simply move in with them." This argument is speculative, but even to the extent that it has merit, it is a public policy issue more appropriately directed to the Legislature. See *Terrien v Zwit*, 467 Mich 56, 70; 648 NW2d 602 (2002).

Respondent notes that Geiger died in early 2019, and thus contends that his exemption as applied to the 2019 tax year should be prorated.[3] However, nothing in the plain language of the statute suggests such a mechanism. Moreover, respondent overlooks MCL 211.29(3). That statute provides:

> (3) The [tax] roll shall be reviewed according to the facts existing on the tax day. The board [of review] shall not add to the roll property not subject to taxation on the tax day, and the board shall not remove from the roll property subject to taxation on that day regardless of a change in the taxable status of the property since that day.

With both MCL 211.2(2) and MCL 211.29(3) in mind, the question as to whether Geiger qualified for the exemption in the 2019 tax year depended on his status as of December 31, 2018. Geiger owned and resided on the property at that time, and accordingly, we discern no legal error on the tribunal's part for concluding that the exemption applied to the 2019 tax year in full.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher

---

[3] Respondent does not reference any legal authority for this position, and instead again appeals to policy, arguing that if respondent cannot prorate the exemption under circumstances such as this, individuals will be able to take advantage of the system. This is another question more appropriately directed to the Legislature. See *Terrien*, 467 Mich at 70.